## S. M. COMBES ET AL. V. J. Z. STRINGER ET AL.

### No. 2355. Decided June 3, 1914.

1.—Agreement as to Title—Limitation—Actual and Constructive Posses- sion.

A written agreement that plaintiff had title of record to all the land sued for, was followed by evidence of possession for ten years before suit of a tract of 15 acres by defendant, who by reason thereof claimed title by limitation to 160 acres with surveyed boundaries; plaintiff then introduced the convey- ances under which he claimed, with proof of partial possession thereunder, which was relied on as extending by construction to the limits of such deeds, except where defendant had actual possession; it was then agreed that the deeds so introduced constituted plaintiff's chain of title. Held, that, though the first agreement admitted plaintiff's record title only at the date of trial, the second agreement, in connection with the conveyances to which it referred, admitted such title as of the date of conveyance. Possession taken thereunder, being under the superior title, by construction extended, from time it was taken, to all the land not in actual·possession by defendant, and interrupted the latter's possession and right to claim limitation, from that date, as to all land not in his actual possession. (Pp. 429-431.)

2.—Practice in Supreme Court.—Rendition or Remand.

Defendant in an action to recover land, claimed and was awarded recovery of 160 acres, with surveyed boundaries, on plea of title by limitation. On writ of error he was held entitled to only some 15 acres thereof, the part he had in actual possession, the boundaries of which were not shown by the evi- dence. Held that, as to the 15 acres, judgment should not be rendered against him by reason of his failure to identify it by proof; but the cause should be remanded to enable him to do so. (P. 431.)

Error to the Court of Civil Appeals, Third District, in an appeal from Montgomery County.

S. M. and F. A. Combes sued Stringer and others for the recovery of land. Stringer prevailed as to 160 acres thereof claimed by him by limitation. Plaintiffs appealed, and on affirmance obtained writ of error.

*Andrews, Ball & Streetman,* for plaintiff in error.—When one is claiming a tract of 160 acres of land out of a larger tract and is in

actual possession of only a part of such 160 acres, if before the expiration of ten years continuous possession, the legal owner of such larger tract enters into actual possession of a part of such larger tract, the possession of such claimant of the 160-acre tract is limited to that actually in his possession. Evitts v. Roth, 61 Texas, 81; Whitehead v. Foley, 28 Texas, 289; Hunnicutt v. Peyton, 102 U. S., 333.

A party seeking to hold lands under the statute of limitation is charged with the burden of showing the extent and boundaries of the land which he is entitled to recover, and failing to do so is not entitled to any recovery whatever. Wiley v. Bargman, 90 S. W., 1116.

It having been admitted in the first place that appellants had the record title to said lands and it having been subsequently admitted that the only claim of title which they had to said lands was derived from and through said H. W. Downey under said conveyance made to said Downey in 1899, we submit that it follows by inevitable logic that Downey had the record title to said land in 1899.

*C. W. Nugent* and *W. N. Foster*, for defendant in error.—It was agreed during the trial that plaintiffs had the record title to the land in controversy, subject to be defeated by defendants' plea of limitations. The agreement was as to the title of the plaintiffs at the time of trial, and did not embrace any admission that the Downeys ever had title.

Mr. Justice HAWKINS delivered the opinion of the court.

This action was originally filed on September 8, 1906, by S. M. Combes and F. A. Combes, in the United States Court at Houston, but, upon pleas to its jurisdiction being filed, an agreement was made under which they refiled their suit on November 25, 1906, in the District Court of Montgomery County, under a stipulation that the rights of the parties should be determined as though this suit had been originally filed therein on September 8, 1906.

The action is one of trespass to try title to two tracts of land; the first embracing 2289¾ acres and the second 587½ acres, out of the T. J. Williams survey in Montgomery County. Defendants Stringer and Prewitt answered, separately, each disclaiming all of the land sued for except the tract of 160 acres described by metes and bounds which he claimed under the statute of limitation of ten years; each describing and claiming a certain piece of land different from that described and claimed by the other. The other defendants, all of whom asserted contingent interests as attorneys fees, claimed subject to the rights of Stringer and Prewitt, respectively.

The case was tried without a jury. The trial court rendered judgment for plaintiffs for all of the lands sued for except the tract of 160 acres so claimed by Stringer, which it awarded to him. From so much of said judgment as was in Stringer's favor plaintiffs appealed to the Court of Civil Appeals, which affirmed the judgment of the trial court; whereupon appellants applied to this court for a writ of error, which was granted.

The questions which are presented here arise under Stringer's plea of limitation and two agreements of the parties and certain other evidence, as follows, viz:

Upon the trial the following agreement of the parties was introduced: "It is agreed that the plaintiffs in the case have the record title to the land in controversy, subject to be defeated only by the claim of limitation as pleaded by the defendants, and that unless they have title by limitation, plaintiffs are entitled to recover the land sued for."

Plaintiffs thereupon rested their case, after which defendants undertook to show title by limitation. There was evidence which showed that McShan, from whom Stringer bought, had said 160 acres surveyed out first in 1894, and that the only portion of it which had ever been held in actual possession was a small enclosed tract, the precise quantity and description of which are not definitely shown by the pleadings or evidence.

After the introduction by defendant Stringer of his testimony in support of his plea of limitation, plaintiffs introduced in evidence five written instruments covering said large tract of 2289¾ acres, which included the 160 acres claimed by Stringer, as follows:

(1) Deed dated April 1, 1899, filed for record December 7, 1899, from Margaret Brown and husband, Edmund Brown, to H. W. Downey. Defendants proved that just after purchasing said large tract, Downey, through a tenant, took possession of a part of it and put camps and buildings thereon and men therein to hold said large tract for him, claiming it under said recorded deed to him.

(2) A release of the vendor's lien retained in said deed to Downey.

(3) A deed from said Downey and his brother to the Ives Lumber Company, dated November 4, 1899, recorded December 7, 1899.

(4) A deed from the Ives Lumber Company to Rogers, dated March 26, 1904, recorded January 24, 1905.

(5) A deed from Rogers to plaintiffs, dated January 18, 1905, recorded January 24, 1905.

Thereupon the following agreement was made by the parties: "It is admitted that the chain of title derived through the deeds introduced in evidence by plaintiffs, consisting in part of the last foregoing five instruments, is the only chain of title under which F. A. and S. M. Combes claim this land"; the reference therein being to the aforesaid five instruments.

Plaintiffs in error contend that Stringer's title by limitation should be restricted to the land of which he and those under whom he claims held actual possession for the statutory period, and should not be extended to include enough more to make up 160 acres. In support of that contention they say the legal effect of said two agreements of the parties is to conclusively show that said deed to Downey carried the record title to said entire 2289¾-acre tract, embracing all the land claimed by Stringer; and, thereupon, they argue that inasmuch as Downey went into actual possession of a portion of said large tract under that recorded deed before the completion of said period of limitation of ten years relied upon by Stringer, and thereunder asserted

title to all of said large tract, Downey's possession should be treated as extended, by operation of law, to the boundaries of said large tract, excepting only said small enclosed tract which was so held in actual and adverse possession, and that such constructive possession by Downey and those claiming under him was superior to the constructive possession of Stringer and those under whom he claims of so much of said small enclosed tract, the statutory complement of 160 acres, and stopped the running of the statute of limitations in favor of Stringer and those under whom he claims as to all of said 160 acres excepting said small enclosed tract so held in actual adverse possession.

The action of the Court of Civil Appeals thereon, and the reasoning upon which it was based, are shown in the following excerpt from its opinion in this case, which may be found in 142 S. W., 668:

"By the second assignment it is insisted that the court erred in rendering judgment for appellee, because it is asserted that plaintiffs in 1899 acquired title to the 2289¾ acres of land, and went into possession of a portion thereof, at which time it appears that appellee was only in actual possession of some 12 or 15 acres of the 160 acres claimed by him, and that, therefore, appellants' constructive possession extended to their entire tract of 2289¾ acres, of which the 160 acres formed a part; for which reason they assert appellee was not entitled to recover except that part thereof which he had actually enclosed, towit, some 12 or 15 acres. Citing in support of this contention, Evitts v. Ross, 61 Texas, 81; Whitehead v. Foley, 28 Texas, 289; Hunnicutt v. Peyton, 102 U. S., 333. This contention would be true if it were conceded that appellants had title to the 2289¾ acres at the time they took possession of such portion thereof in 1899, but the record fails to disclose that appellants had title to said land at said time, unless it can be said that the agreement above mentioned gave them such title; but by it appellees insist that they only admitted that the plaintiffs in the case had record title to the land in controversy at the time that suit was filed. This agreement does not state when they acquired such record title; and, in the absence of such statement, we are inclined to believe that it should be construed to mean that it was only intended to be admitted thereby that plaintiff, at the time that the case was tried, had the record title to the land in controversy. And as the suit was not brought until 1906, appellee's title to the 160 acres was complete by limitation at the time the agreement was made; for which reason this assignment is overruled."

The issue turns upon the effect to be given to said agreements. We find no conflict between them; effect should be given to both. Together they admit that at the time of the trial plaintiffs had the record title to the land in controversy, that said title was derived through said deed to Downey, and, as a necessary consequence, that said deed carried the record title to said land. Under that construction of said agreements, and under the other facts shown by the evidence, it follows, and the Court of Civil Appeals, in that view of the matter, concedes, in effect, that said contention and argument of plaintiffs in error are sound.

Stringer was not entitled to a judgment in his favor for any land other than that which he, and those under whom he claims, had held in actual possession for ten years prior to the filing of this action. Whitehead v. Foley, 28 Texas, 268; Evitts v. Roth, 61 Texas, 81, and authorities therein cited; Parker v. Baines, 65 Texas, 605.

Plaintiffs in error further contend that because the pleading and evidence failed to furnish field notes or other sufficient description of such portion of said land as was so held in actual possession for said statutory period, no judgment therefor in favor of Stringer can be framed, and that, as a consequence, we should here render judgment against him, as to it, citing the following decisions of Courts of Civil Appeals: Wilcoxon v. Howard, 26 Texas Civ. App., 281, 62 S. W., 802; Sparks v. Hall, 29 Texas Civ. App., 177, 67 S. W., 916; Thompson v. Dutton, 69 S. W., 996. We do not think so. We believe that while the more commendable practice would have been for Stringer to have seasonably presented to the trial court, in his pleading and through evidence, definite field notes or description of such land as had been so held in actual possession for said period, the more equitable and better practice here, under the circumstances, is to yet permit him to do so.

The judgments of the Court of Civil Appeals and of the District Court will be reversed and the cause remanded to said trial court.

*Reversed and remanded.*