CAMDEN FIRE INS. CO. v. YARBROUGH.
(No. 91–2907.)

(Commission of Appeals of Texas, Section A. Nov. 12, 1919.)

1. INSURANCE ⚖═335(2)—INVENTORY CLAUSE AS PROMISSORY WARRANTY.

The clause of a fire insurance policy requiring a complete itemized inventory of the stock insured constitutes a promissory warranty, and failure substantially to comply therewith avoids the policy.

2. INSURANCE ⚖═335(2)—INVENTORY OF INSURED LUMBER NOT IN COMPLIANCE WITH WARRANTY.

Inventory of insured lumber furnishing data from which the number of feet of pine boards, oak boards, oak timber, and gum ties could be ascertained, but containing nothing to indicate the grades of any of the classes of lumber, or whether composed of different grades, *held* not a substantial compliance with the promissory warranty of the policy requiring a complete itemized inventory of the insured stock, though it appeared the lumber had a mill run value, and was sold by insured on such basis.

3. APPEAL AND ERROR ⚖═839(1)—QUESTIONS CONSIDERED; ESTOPPEL PROVEN BUT NOT PLEADED.

In an action on a fire policy, in the absence not of evidence on the point, but of the necessary pleading of estoppel against defendant insurer to assert forfeiture of the policy for noncompliance with the inventory clause, insured's contention that the insurer is estopped will not be considered further than to determine whether, in view of the necessity of reversing, the cause should be remanded for amendment of the pleadings to make the issue of estoppel, and for subsequent trial on that issue.

4. APPEAL AND ERROR ⚖═1178(8) — REMAND THOUGH AMENDMENT OF PLEADINGS IS NECESSARY.

Where, on reversal of a cause, it seems probable that the ends of justice may be better subserved by remand than by rendering judgment, the former course should be pursued, notwithstanding that it is apparent that a full consideration of the cause necessitates amendment of the pleadings.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by R. H. Yarbrough against the Camden Fire Insurance Company, resulting in judgment for plaintiff, defendant appealing to the Court of Civil Appeals, which affirmed (182 S. W. 66), and defendant brings error. Judgments of the Court of Civil Appeals and trial court reversed, and cause remanded, on recommendation of the Commission of Appeals.

Thompson, Knight, Baker & Harris, of Dallas, and June C. Harris and Audley Harris, both of Nacogdoches, for plaintiff in error.

King & Seale, of Nacogdoches, for defendant in error.

TAYLOR, J. Suit by R. H. Yarbrough, defendant in error, against Camden Fire Insurance Association, plaintiff in error, upon a fire insurance policy for $2,000. Trial upon special issues resulted in a verdict and judgment for defendant in error. The Court of Civil Appeals affirmed the judgment. 182 S. W. 66.

The policy was issued June 7, 1913, for a period of six months to cover a stock of lumber belonging to defendant in error located on the switch of the Gulf & Texas Railroad at Grigsby, Tex. On July 11, 1913, the lumber was totally destroyed by fire.

The principal defenses urged upon the trial were: (1) That defendant in error caused the property to be burned for the purpose of realizing upon the policy; (2) that defendant in error failed to comply with the following clause of the policy:

"Record Warranty Clause.

"The following covenant is hereby made a part of this policy and a warranty upon the part of the assured:

"Section 1. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and within twelve months of the last preceding inventory, if such has been taken. Unless such an inventory has been taken within twelve calendar months prior to the date of this policy, and together with a set of books showing a complete record of business transacted since the taking of such inventory, is on hand at the date of this policy, one shall be taken within thirty days after the date of this policy, or in each and either case, this entire policy shall be null and void."

The finding of the jury was against plaintiff in error on the first defense, and the court refused to peremptorily instruct the jury in its favor upon the ground urged in the second defense.

Whether the court erred in refusing to instruct a verdict for defendant in error is the principal question for determination.

[1] It is uniformly held in Texas that the clause of a fire insurance policy requiring a complete itemized inventory of the stock insured constitutes a promissory warranty, and the failure to substantially comply therewith avoids the policy. Derroh-Kelly Mercantile Co. v. Orient Insurance Co., 104 Tex. 199, 135 S. W. 1165; Assurance Co. v. Kemends, 94 Tex. 372, 60 S. W. 661; Joyce on Insurance (2d Ed.) vol. 3, § 2003a.

[2] The purported inventory taken by plaintiff in error furnishes data from which the number of feet of pine boards, oak boards, oak timber, and the gum ties can be ascertained. It contains nothing indicating the grades of any of the classes of lumber, or whether composed of different grades. It contains no statement as to the value of any part of the stock of lumber, or of the whole. There were no books or records other than the alleged inventory, showing the amount, grades, or value, of the lumber.

Defendant in error testified that he thought the pine lumber was in about equal portions of No. 1 and No. 2 grades, some clear; and that the difference in value of the grades was from $2 to $7 per thousand feet. The testimony further shows, generally speaking, that the same specifications and grades apply to the oak and gum lumber, with a still greater difference in values.

The case is ruled by Hartford Fire Insurance Co. v. Walker, recently decided by Section B of the Commission of Appeals, and approved by the Supreme Court, 210 S. W. 682.

The court in that case, after setting out the inventory in question showing the number of sacks of bran, white oats, red oats, empty oat, and corn sacks, and the amount of twine on hand in the warehouse, say:

"We have reached the conclusion that this inventory does not meet the substantial requirements of the policies. Neither the value nor the grade of the commodities is given. The evidence shows that plaintiff handled both red and white oats; that oats were sold in different grades as follows: No. 1, No. 2, No. 3, No. 4, no grade, and rejected grade; that the price of each grade differs. What constitutes a substantial compliance with the inventory clause of a fire insurance policy has been the subject of frequent adjudication, calling forth various definitions of 'inventory.' But we believe that whatever view may be taken of the question, and conceding that only a substantial compliance with the policy is required under our decisions, the inventory should present an itemized list of the commodities on hand at the time the inventory is taken, from which the value of the stock can reasonably be ascertained. It is no doubt true that as to a stock consisting of staple articles, such as oats, wheat, corn, and bran, the market value of which can be determined from day to day and which from day to day varies upon the market, the grade and quantity of these commodities would furnish all the data necessary to determine the value at a given date. However that may be, in the present instance there is nothing from which the grade can be determined. The

quantity only is given. And in the absence of both value and grade, we believe there is not even a substantial compliance with the requirement as to inventory."

Under the rule stated in the foregoing excerpt from the Walker Case, and supported in the Kemendo Case, supra, the inventory taken in this case is not in substantial compliance with section 1 of the record warranty clause. The fact that it appears from extraneous evidence that the lumber destroyed had a "mill run" value at Grigsby, and was sold by defendant in error on that basis, does not add to the sufficiency of the inventory. Nothing in the inventory taken indicates that the lumber specified is "mill run.".

Defendant in error insists that plaintiff in error is estopped to assert the forfeiture of the policy because of noncompliance with the inventory clause; on the ground that the company's agents at the time of the issuance of the policy approved the inventory upon which it was issued.

[3] Defendant in error did not plead estoppel, or any facts from which an estoppel can be deduced. In the absence of both such a plea and evidence bearing upon the issue, the contention made would not be considered. In the absence of only the necessary pleading, it will not be considered further than to determine whether, in view of the necessity of reversing the case, the cause should be remanded or judgment here rendered for plaintiff in error.

Defendant in error testified at length regarding the negotiations between him and the company's agents, prior to and at the time of the issuance of the policy, and specifically that the agents looked over the inventory and approved it. The testimony pertaining to this phase of the negotiations might become material under pleadings warranting its consideration, and doubtless was not fully developed because of the state of the pleadings. Plaintiff in error's second proposition under the fourth assignment in its brief filed in the Court of Civil Appeals is to the effect that there was no pleading under which defendant in error's testimony relating to his negotiations in securing the policy was admissible. If the testimony tends to show that plaintiff in error is estopped to urge a noncompliance with the warranty clause, it, together with all available testimony on the issue, should be considered before final disposition of the case.

[4] Where, upon reversal of a case, it seems probable that the ends of justice may be better subserved by remanding than by rendering judgment, the former course should be pursued, notwithstanding it is apparent that a full consideration of the case necessitates that the pleadings be amended.

Buzard v. Bank, 67 Tex. 83, 2 S. W. 59, 60 Am. Rep. 7; Combes et al. v. Stringer, 106 Tex. 427, 167 S. W. 217; H. & T. C. Ry. Co. v. State, 24 Tex. Civ. App. 117, 56 S. W. 228; K. C. M. & O. Ry. Co. v. Pope, 152 S. W. 185; Id., 153 S. W. 163; Ft. Worth & D. C. Ry. Co. v. Copeland, 164 S. W. 857.

We therefore recommend that the judgments of the Court of Civil Appeals and the district court be reversed, and the cause remanded.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the commission on the question discussed.