PERSHING v. HENRY. (No. 398–3741.)*

(Commission of Appeals of Texas, Section B. Nov. 7, 1923.)

**1. Appeal and error ⚛⇒1177(6)—Reversal of case for determination of certain equities held warranted rather than rendition of judgment on appeal.**

In an action to determine plaintiff's right to land acquired under an agreement by which plaintiff was to have an eleven-fiftieths interest after the payment of all expenses where the prayer was for a partition of the land or that it be sold and plaintiff's lien foreclosed, *held*, that the Court of Civil Appeals upon reversing a judgment adverse to plaintiff properly remanded the cause for determination of such equities in favor of defendant by reason of expenses incurred and paid, instead of rendering a personal judgment against him for the value of plaintiff's share.

**2. Appeal and error ⚛⇒1175(1)—Cause should be remanded rather than rendered where justice will be better subserved.**

A cause should be remanded rather than rendered where justice will probably be better subserved by so doing.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by R. S. Pershing against E. D. Henry. Judgment for defendant was reversed and the cause remanded by the Court of Civil Appeals (236 S. W. 213), and plaintiff brings error. Judgment of Court of Civil Appeals affirmed.

Bean & Klett, of Lubbock, for plaintiff in error.

Percy Spencer, of Lubbock, and L. C. Penry, of Fort Worth, for defendant in error.

POWELL, J. The Court of Civil Appeals, in its opinion, gives us a very full statement of the nature and result of this case. See 236 S. W. 213. We shall not lengthen our opinion by repeating the statement here, but will quote only that portion of the opinion of the Court of Civil Appeals which has any bearing upon the one controlling question now before the Supreme Court.

In finally disposing of the case, the Court of Civil Appeals says:

"It is manifest from the undisputed testimony in this case that the contract between Henry and Pershing constituted a joint undertaking to acquire land out of the Haskell county land and to share in the enterprise in the proportion of 11/50 to Pershing and 39/50 to Henry, in whatever land was so secured or the proceeds derived therefrom. Crutcher v. Sligar, 224 S. W. 227; Schultz v. Scott, 210 S. W. 830. The jury find that Henry and Pershing agreed that all expenses of the proposed litigation would first be paid before a division had between them, and that it was the understanding that any division was to be out of the net pro-

ceeds of land recovered by their joint undertaking at the ratio of 11 to 39. It is not controverted, and Henry does not deny, that he took the deed in his name, subject to the terms of the agreement for the joint enterprise. This being so, the interest of the parties is charged with the expenses of the enterprise under the terms of the agreement. Henry has no more power by virtue of the deed than had the joint owners. He cannot appropriate the entire estate to himself, nor deprive his joint associate of his interest. The original agreement did not contemplate Henry taking the title in his own name, and it seems at the compromise that he took the title in his name as a matter of convenience; but this did not empower him to say when the expenses should be paid, and if they were not paid by a sale of the land he was authorized to defeat Pershing out of everything, as decreed in the judgment in this case. As a joint enterprise, it was in the nature of a partnership for a certain specific purpose. * * * This did not give one the interest in the entire land to the exclusion of the other, and evidently was not so intended. One could not hold and pay the expenses and sell and give the other only his portion of the proceeds. It did not give one to the exclusion of the other the power to wind up the enterprise at his discretion or on such terms as he should decide. Whether or not there could be a partition of the land between these parties, nevertheless there was a beneficial interest vested in both of them by the acquisition of the property, and if one should attempt to appropriate the land to his own use, certainly the other would have the right to appeal to a court of equity to establish his interest and have a decree entered either partitioning the land or ordering its sale for the purpose of distribution, first paying the expenses and then dividing the proceeds. We think, however, by the verdict, the appellant had an 11/50 interest in the land so acquired, charged with its part of the expenses. If a partition should be had, his interest should be charged with such sum and a lien given on it for the same, or Henry given sufficient land to compensate him for the advances made. Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63. The effect of the court's judgment in this case is to decree that the appellant had no interest. As seen from Henry's testimony and letter, he does not deny Pershing's interest, but admits it. True, he seems to think that right depends upon his discretion; in this we do not agree with him. We think he could be called upon for a settlement, and a refusal justified a suit to enforce the partition or the establishment of Pershing's interest and an accounting, and the court, having acquired jurisdiction, could settle all rights and equities. Moore v. Moore, 89 Tex. 29, 33 S. W. 217.

"In addition to this, Henry has placed on the land a mortgage, with power of sale, to secure an individual indebtedness of $39,500. A trustee is required to act with absolute and most scrupulous good faith in dealing with the interest of a beneficiary. It is equally imperative upon the trustee in his dealings with trust property not to use it in his own private busi-

ness, not to make any incidental profits for himself in its management, and not to acquire any pecuniary gain from his fiduciary position. The beneficiary is entitled to claim all advantage actually gained and to hold the trustee chargeable for all loss in any way happening from a violation of his duty.' 3 Pomeroy's Equity Jurisprudence, § 1075 et seq. We are unable to determine in this case whether the mortgage has placed the property beyond the reach of appellant. This, of course, will depend upon the question in some measure as to whether the mortgagee had notice or acted in good faith. If it is beyond the reach of appellant, he is entitled to recover the value of the property. Boothe v. Fiest, 80 Tex. 141, 15 S. W. 799; McCord v. Nabours, 101 Tex. 499, 109 S. W. 913, 111 S. W. 144; Richardson v. Hutchins, 68 Tex. 81, 3 S. W. 276. We regard the execution of the mortgage as a breach of trust and the trustee incurs a personal liability at the election of the beneficiary. 3 Pomeroy, Equity Jurisprudence, § 1080.

"We think, under the findings of the jury and the admission of Henry, that appellant had an 11/50 interest in the land acquired from Miller, mentioned in the deed from Miller to Henry; that he acquired an 11/50 interest in the proceeds of the sale of the 2,952 acres acquired from Mann and sold to White, as shown in that case, after the payment of the debts named in the contract between Mann and Henry, the expenses of that litigation, and the damages which were adjudged against Henry in favor of White for failure to turn over possession of the land. It is evident from the court's judgment that he did not consider the value of the land or the expenses which had been paid by Henry in obtaining the land, or in other words, did not go into an accounting between Pershing and Henry in the trial court, and we would not be justified in rendering judgment for the value of the land as found by the jury, as requested by appellant in this case. It is manifest the equities between these parties must first be adjusted before a final decree could be made as to the amount that should be paid to each party but we do believe the trial court should have entered a judgment decreeing to Pershing an 11/50 interest in the land obtained from Miller charged with the expenses under their agreement, as found by the jury, and that he should have given a judgment for 11/50 of the proceeds of the sale to White, after deducting the amounts of money necessary to pay for the same, as found in the Mann-White Case, and the expenses necessarily incident to such acquisition and the suit to establish the rights of the parties. It will be the order of this court that the judgment be so reformed, and to enter judgment for Pershing for such interest as above stated, and that the case be remanded to the trial court for an accounting and an adjustment of the equities between Pershing and Henry unsettled. The judgment will therefore be reformed, and the cause remanded for an accounting and adjustment of the equities."

In the trial court, Pershing recovered nothing, and Henry was quieted in his title to all the property. This judgment of the trial court was evidently based upon the jury finding that Pershing had failed, at least in part,

to comply with the obligations he assumed and which were the consideration for this partnership land agreement. As already shown, upon appeal to the Court of Civil Appeals, Pershing's interest in the land was established and decreed. Although Henry had lost heavily by the judgment of the Court of Civil Appeals, he filed no motion for rehearing in that court. And, of course, no petition for writ of error was filed in the Supreme Court. He accepted the judgment of the Court of Civil Appeals, although it but led to a final judgment upon another trial below either for much of the land in suit or a large money judgment against him personally.

Counsel for Pershing, being dissatisfied with the measure of relief gained in the Court of Civil Appeals, applied for and obtained a writ of error from the Supreme Court. Their contention here is that the Court of Civil Appeals should have awarded Pershing a personal judgment against Henry in the sum of $10,800, that being the value, as found by the jury, of the Pershing interest in the lands. These counsel admit that such judgment would not give Henry credit for the expenses incident to all these partnership transactions, but they say these equities in favor of Henry can be dispensed with because the latter neither pleaded nor proved these offsets or expenses.

[1] Under the facts of this case, as disclosed by the entire record, did the Court of Civil Appeals err in not awarding the personal judgment against Henry as prayed for? We think not. It is true, of course, that where an issue is pleaded, and a certain character of relief sought, the defendant must meet the issue. If he does not do so, ordinarily he will not be entitled to a new trial in order that he may then have a chance to do what he should have done in the first instance. But we have read all the pleadings filed by Pershing's counsel in the district court, and we are unable to find any allegation that Henry had breached his trust by heavily mortgaging this land for an individual debt. On the contrary, the pleadings state that Henry was still holding said lands. The suit alleged Henry's failure to make an accounting and the consequent damage to Pershing. As we construe the prayer of the petition, it was (1) for a partition of the lands, awarding Pershing his interest therein; (2) or, in the alternative, if partition was impracticable, that the land be sold in such a way as to protect the Pershing interest, and foreclosure of the latter's lien thereon, etc. Not only is there no allegation in the petition charging the breach of trust involving the mortgaging of the land by Henry for any kind of debt, but the pleadings would lead any one to believe that the relief being sought was against the land and not personally against Henry because he had put the land beyond the reach of the Pershing interest.

We are not surprised to find that Henry was unprepared, on this trial, to list these expenses or go into them. He did try to show that he had not breached his contract by declining, up to that time, to partition the lands or make an accounting. The judgment in the trial court was in his favor, as already stated. We do not think Henry was guilty of any negligence in not presenting these expenses on the former trial, by proof or pleading. Therefore, we see no reason, in any event, why he should now be deprived of a chance to adjust the equities.

We think the Court of Civil Appeals went just as far as it was authorized to go under the pleadings. We are certain it entered the only judgment which will protect the rights of all parties. The late Chief Justice Huff, in writing this opinion, as heretofore quoted by us, made proper disposition of this case, and announced correct principles of law, in our view. It is clear, as Judge Huff says, that this case was not fully developed in the matter of a final settlement and adjustment of the equities.

[2] It is the well-settled law of our state that a cause should be remanded rather than rendered, where justice will probably be better subserved by so doing. See Hill v. Moore, 85 Tex. 335, 19 S. W. 162; Combes v. Stringer, 106 Tex. 427, 167 S. W. 217; Camden Fire Insurance Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; Baker v. Shafter (Tex. Com. App.) 231 S. W. 349; Smith v. Patton (Tex. Com. App.) 241 S. W. 109; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002.

In the case of Hill v. Moore, supra, Chief Justice Stayton says:

"Appellants were entitled to a judgment on the conceded facts; but in view of equities which manifestly may exist, and of the absence of evidence which the parties may be able to produce that will enable the court to adjust all equities between them, we deem it best to reverse the judgment and remand the cause, that the parties may have opportunity to do this."

In the case of Combes v. Stringer, supra, our Supreme Court says:

"We believe that while the more commendable practice would have been for Stringer to have seasonably presented to the trial court, in his pleading and through evidence, definite field notes or description of such land as had been so held in actual possession for said period, the more equitable and better practice here, under the circumstances, is to yet permit him to do so. The judgments of the Court of Civil Appeals and of the district court will be re-versed and the cause remanded to said trial court."

In the case of Insurance Co. v. Yarbrough, supra, the Commission of Appeals says:

"Where, upon reversal of a case, it seems probable that the ends of justice may be better subserved by remanding than by rendering judgment, the former course should be pursued, notwithstanding it is apparent that a full consideration of the case necessitates that the pleadings be amended."

The Supreme Court remanded the Yarbrough Case, as recommended by the Commission, and approved the latter's holding in making that recommendation.

The opinion in the case of Smith v. Patton, supra, was written by this section of the Commission of Appeals, and we there went rather fully into the authorities upon this point.

In the case at bar, the Court of Civil Appeals found it necessary to reverse the judgment of the trial court. In doing so, it stated that the equities of the situation required a remand of the case. They concededly do. We think any other judgment would likely have worked a great injustice.

On the other hand, the rights of Pershing can be fully conserved by the course prescribed by the Court of Civil Appeals. Upon another trial, he can get such judgment as the facts then in evidence justify.

Counsel for Pershing suggest that Henry could file a new suit against the former for these expenses incident to the acquisition of these lands. And, by way of an attempted cross-assignment, counsel for Henry in this court ask an affirmance of the judgment of the trial court and go on to say that Pershing could still recover his equities in the property in a new and different suit. So, we observe here suggestions from opposing counsel encouraging a multiplicity of suits which the law has always abhorred. The Court of Civil Appeals correctly decided that, in the instant case, the better practice, all things considered, was to remand the cause and adjust all the equities incident thereto in this one and original proceeding.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.