**TEXAS EMPLOYERS' INS. ASS'N v. HERRING.　(No. 555–4294.)**

(Commission of Appeals of Texas, Section B. Feb. 17, 1926.)

1. **Master and servant ⬤⟹403—Claimant under Employers' Liability Act must prove injury in course of employment caused death (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91).**

Claimant, to recover under Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), for death of her husband, had burden of proving that he received injury while in course of his employment, and that such injury was proximate cause of his death.

2. **Master and servant ⬤⟹418(6).**

Supreme Court cannot overturn judgment of lower courts in suit under Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), unless there is no evidence to sustain findings.

3. **Master and servant ⬤⟹417(7).**

District and Civil Court of Appeals can set aside decree under Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), if against weight of testimony.

4. **Appeal and error ⬤⟹987(1).**

Supreme Court is court of law, and is not concerned with mere sufficiency of testimony.

5. **Evidence ⬤⟹596(1)—Judgment is not supported by mere scintilla of evidence, but evidence must be reasonably sufficient to satisfy juror's minds of truth of allegations.**

Judgment is not supported by mere scintilla of evidence, but probative force of testimony must do more than raise a mere suspicion or surmise of existence of facts sought to be established, and must be reasonably sufficient to satisfy juror's minds of truth of allegations.

6. **Appeal and error ⬤⟹930(1) — Supreme Court, in overturning judgment of lower court, must consider evidence most favorably for judgment.**

Supreme Court, in overturning judgment of lower court, so far as conflicts in evidence are concerned, must consider evidence most favorably for judgment.

7. **Master and servant ⬤⟹405(4).**

Death of oil driller following operation for appendicitis *held* not sufficiently shown to be result of injury within course of employment.

8. **Appeal and error ⬤⟹1177(7) — Supreme Court may remand where it does not conclusively appear that case has been fully developed in lower court.**

Where it does not conclusively appear that case has been fully developed in lower court, Supreme Court on reversal for failure of testimony to support judgment may remand.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit under the Employers' Liability Act by Elizabeth Herring, claimant, for the death of Charlie Herring, opposed by the Texas Employers' Insurance Association, insurer. Judgment for the plaintiff was affirmed in 269 S. W. 249, and defendant brings error. Reversed and remanded.

Harry P. Lawther, of Dallas, for plaintiff in error.

Will R. Saunders, of Breckenridge, for defendant in error.

POWELL, P. J. This case is fully stated by the Court of Civil Appeals in its opinion, reported in 269 S. W. 249. Briefly, this is a suit by the widow of Charlie Herring to recover compensation under the Employers' Liability Act of this state (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), because of the death of her husband, which she alleged was due to an accidental injury he received while in the course of his employment drilling an oil well for one M. B. Hale. In the district court she was awarded a lump sum judgment for the cash value of $15 per week for 360 weeks. From this judgment of the district court, entered upon the verdict of a jury upon special issues, the insurance association appealed. The judgment of the district court was affirmed by the Court of Civil Appeals.

[1-4] Before plaintiff in the trial court was entitled to recover, it was incumbent upon her to show: (1) That her husband received an injury while in the course of his employment; (2) that such injury was the proximate cause of his death. Both of the lower courts have held that she made this necessary proof, and that the judgment is sustained by the evidence. It is contended here that there is no evidence in the record sustaining either of aforesaid essential issues. Before passing upon these assignments, it is best to say, as has been frequently said before, that the Supreme Court is without power to overturn the judgment of the lower courts in a case of this kind unless it can be said that there is no evidence to sustain the findings of the courts below. Either of those courts had authority to set aside this

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judgment if it had been made to appear that the decree was against the weight of the testimony. This is an important branch of the jurisdiction of the trial court and of the Court of Civil Appeals, and they should not hesitate to exercise it. If they fail to do so, their action is final, and litigants have lost a substantial right. But this is a court of law and not one concerned with questions involving a mere sufficiency of the testimony. So in what we shall say we must look only to see if there is any evidence to support the findings below.

[5] It must be remembered that there must be more than a mere scintilla of evidence before it can be said that a judgment is supported by the testimony. Its probative force must do more than raise a mere suspicion or surmise of the existence of the fact sought to be established. The evidence must be reasonably sufficient to satisfy the minds of the jurors of the truth of the allegations. These rules are laid down by our Supreme Court in many cases.

[6] But, it is equally true that, in overturning the lower courts, the Supreme Court, so far as conflicts in the evidence are concerned, must consider the evidence most favorably for the judgment. Our Supreme Court, in the case of Progressive Lumber Co. v. Railroad Co., 155 S. W. 175, 106 Tex. 12, held that a case was properly submitted:

"If the evidence bearing upon that issue which was favorable to the Lumber Company, discarding all that was favorable to the railway company, was sufficient to support a verdict in favor of the Lumber Company."

This same rule was laid down in the later case of Kirksey v. Traction Co., 217 S. W. 139, 110 Tex. 190. See, also, Barron v. Houston, etc., R. Co. (Tex. Com. App.) 249 S. W. 825.

Applying these well-settled rules to the case at bar, we find that the evidence is conflicting on the two material issues already set out by us. Therefore we must consider only the evidence upon such issues which was favorable to the widow. The jury had a right to disregard the other witnesses. We must do so in deciding the question now before us. Analyzing the evidence favorable to defendant in error, does it meet the test of being sufficient to reasonably satisfy the jury that these two material issues were established?

We have carefully read and reread the statement of facts, the briefs and argument of counsel, and the opinion of the Court of Civil Appeals. We realize the seriousness of our responsibility in overruling both lower courts upon a question of this kind, and we do so reluctantly. But, after weighing the evidence most carefully, we do not think there is any evidence, tested by aforesaid rules, that this accident happened in the course of Herring's employment.

It is not necessary for us to express any opinion as to whether or not, if that issue had been sustained in favor of Mrs. Herring, there was any evidence showing that her husband's death was the proximate result of such an injury.

In view of our conclusion that this case should be remanded, we prefer not to discuss the evidence in detail.

We refrain from passing on the assignments involving alleged improper argument of counsel, for that question will likely not arise on another trial.

[7, 8] We must reverse this case because of the failure of evidence in the respect mentioned. It must be either remanded or rendered for plaintiff in error. Since it does not conclusively appear that the case has been fully developed on the former trial, we have decided that justice may be better subserved by a remand of the case. Under those circumstances, it is proper for this court to enter such an order. See Buzard v. Bank, 2 S. W. 54, 67 Tex. 83, 60 Am. Rep. 7; Combes v. Stringer, 167 S. W. 217, 106 Tex. 427; Hill v. Moore, 19 S. W. 162, 85 Tex. 335; Dunn v. Taylor, 113 S. W. 265, 102 Tex. 80; Smith v. Patton (Tex. Com. App.) 241 S. W. 109; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002; Camden, etc., Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; Baker v. Shafter (Tex. Com. App.) 231 S. W. 349; Pershing v. Henry (Tex. Com. App.) 255 S. W. 382. This same doctrine has very recently been reaffirmed in the case of Associated Oil Co. v. Hart (Tex. Com. App.) 277 S. W. 1043. That opinion was written by Judge Speer of this court.

We recommend that the judgments of the district court and Court of Civil Appeals be reversed and the cause remanded to the former for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.