**SANER–WHITEMAN LUMBER CO. v. TEXAS & N. O. RY. CO. (No. 683—4589.)***

(Commission of Appeals of Texas, Section B. Nov. 17, 1926.)

**1. Election of remedies ⬉1.**

Where party seeks two inconsistent remedies, only one may be granted.

**2. Election of remedies ⬉14.**

It being incumbent on party to elect between two inconsistent remedies, he is bound by his election.

**3. Judgment ⬉252(1)—Judgment for value of leased rails, after election by plaintiff to sue for title and possession, held error.**

Where plaintiff elected to sue for title and possession of leased rails and pleaded and proved good cause of action, rails being recoverable though in bed of common carrier, judgment for value of rails *held* erroneous.

**4. Bailment ⬉23.**

Owner of leased rails has right to remove them from roadbed of common carrier, if claim is made before lost by limitation statute.

**5. Appeal and error ⬉1177(1).**

Where justice will be better subserved by remanding case rather than by rendering judgment, court will remand.

**6. Appeal and error ⬉1177(6)—Suit for repossession of leased rails would be remanded for new trial rather than render judgment.**

In suit for repossession of leased rails, since expense of repossession was not shown and since law after two appeals was definitely fixed, court would remand case for new trial rather than render judgment, justice being better subserved by remand.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by the Texas & New Orleans Railway Company against the Saner-Whiteman Lumber Company and another. Judgment for plaintiff, and defendant named appealed to the Court of Civil Appeals. Judgment affirmed (see 282 S. W. 267), and defendant named brings error. Reversed and remanded for new trial.

Saner, Saner, Turner & Rodgers, of Dallas, Gill, Jones & Tyler, of Houston, and Chas. L. Black, of Austin, for plaintiff in error.

Baker, Botts, Parker & Garwood and Garrison & Watson, all of Houston, for defendant in error.

POWELL, P. J. On June 1, 1905, defendant in error executed a written contract with the predecessor of plaintiff in error, under which the former leased the latter 15 miles of steel rails for a rental of $100 per mile per annum. It was agreed at the termina-tion of the contract, as found by the trial court:

"That said contract was to continue for a period of 15 years beginning June 1, 1905, unless sooner terminated, and, should said lumber company's supply of timber be exhausted before the expiration of said period, it should have the right to terminate said contract after the expiration of 5 years by giving 30-days' notice of its intention to do so, and that thereupon it became the duty of said lumber company to take up said rails and deliver same to the railroad company at said station of Caro, in the same condition, ordinary wear and tear excepted, that they were in when delivered to said lumber company; that if said lumber company should fail or refuse, after a period of 30 days after demand to them by said railroad company then the said railroad company should have the right to take up said rails and transport them to said station of Caro, and charge the reasonable expense thereof to said lumber company."

The lumber company notified the railway company that it would not use the rails after a certain time. Then, in September or October, 1917, the lessor demanded of the lessee a return of the rails, but the return thereof was refused by the lumber company. The trial court found, as a fact, that the lumber company's refusal to return the rails was due to its conclusion that it could not do so since it had placed the same in the roadbed of a common carrier in this state. The trial court found that this refusal to return the rails, after they had been turned over to a common carrier by the lessee, was a conversion thereof by the lumber company. So finding, the trial court awarded the defendant in error a judgment for the value of the rails so converted. This value was fixed by the trial court at $39,981.99.

Upon appeal to the Court of Civil Appeals, the judgment of the district court was affirmed in a very clear and able opinion by Chief Justice Pleasants. He states the case fully. See 282 S. W. 267.

[1-3] The writ of error in this case was granted "by reason of the second proposition under the second error assigned." That proposition was as follows:

"Where a party seeks two inconsistent remedies, only one may be granted, and it is incumbent upon the party to elect as between the two, and he is bound by the election. In this case, the appellee elected to sue primarily for the title and possession of the rails and pleaded and proved a good cause of action to recover the title and possession, and, therefore, under the law and under its pleadings, cannot have judgment for the value of the rails."

It seems clear, from the record, that the defendant in error was convinced that the rails could not be returned because they had been placed in the roadbed of a common carrier in this state by the lumber company. The lumber company, so the trial court.

found, gave that as its excuse for not returning the rails. Under the pleadings of the lumber company, in the case at bar, its views upon its having authority to return the rails are not very clear. It pleaded several defenses upon the theory that the railway company was correct in its view that the rails could not be returned. The trial court overruled these defenses and held that the rails could not be removed. Against this finding the lumber company complained, in due course, in its twentieth assignment of error in the trial court, reading as follows:

"The court erred in holding that the plaintiff was unable to take up the steel from the roadbed of the Caro Northern Railroad Company."

In its brief in the Court of Civil Appeals, this assignment was carried forward by the plaintiff in error. And its eleventh proposition in said brief reads as follows:

"There is nothing in the Constitution or statutes or the laws of this state to prevent the railroad company from removing its rails now in the tracks of the Caro Northern Railway Company."

[4] The Court of Civil Appeals sustained this last contention of plaintiff in error and held that the rails could be removed. In this holding they seem to be correct, without question. In the first place, the rails were only leased to the lumber company. The common carrier must, at least, own its rails before, under any theory, it could be said that the rails could not be removed. The owner of the rails has a right to them, if claimed before they are lost by limitation. This is well settled by the Court of Civil Appeals at Galveston in the case of Railway Company v. Kinkead, 60 S. W. 468 (writ of error denied). Again, even where the rails are owned by a common carrier, they may be removed where it is unprofitable to operate the road. See Railway Commission of Texas v. Eastern Texas Railway Company, 264 U. S. 79, 44 S. Ct. 247, 68 L. Ed. 569. Since the Court of Civil Appeals held that the rails could be removed, it is contended by plaintiff in error here that it should have rendered judgment awarding the rails to defendant in error, and that it had no authority, under the pleadings in this case, to affirm the judgment of the trial court, which had allowed the lessor to recover the value of the rails.

It becomes important, at this point, to see just what the prayer of the defendant in error was. In its original petition, it prayed as follows:

"Wherefore, premises considered, plaintiff prays that each of the defendants be cited to answer this petition, and that, upon final hearing, it have judgment against the defendant, Saner-Whiteman Lumber Company for the sum of $3,400 as rental due, and for the additional sum of $5,000, or such other amount as the facts may show to be adequate to cover the expenses of regaining possession of said rail; that it have judgment for the title and possession of said rail, and in the alternative, in case the court should hold that, by reason of any facts or circumstances or rule of law, said rail cannot be delivered to it, that it have judgment against said defendants Saner-Whiteman Lumber Company and Caro Northern Railway Company as for conversion of said rail, and for the value thereof, as may be developed on the trial of said case, and that it have its writ of sequestration, as per affidavit and bond filed herewith, and for such other relief to which it may be entitled in law or equity."

In its first amended original petition, defendant in error prayed as follows:

"Premises considered, plaintiff prays: (a) That it be decreed to be the owner of the title and of the right to the possession of said rails. (b) That it have and recover of the defendant lumber company the sum of $7,500 as rental due under said contract. (c) That it do have and recover of said lumber company the sum of $65,000, as the value of said rail at the time of the termination and breach of said contract, hereinbefore pleaded.

"And, in the alternative, if it should be held by reason of any of the facts or rules of law that said rails can now be taken up and delivered to it, then and in that event that it have judgment against all of the defendants for the title and the possession of said rails; that it have judgment against the defendant company for the sum of $5,000, the reasonable cost of taking up said rails and regaining possession thereof under the terms and provisions of said contract; that it have judgment against all of said defendants for the sum of $7,500, due as rental under said contract; and that such other relief be granted to it to which it may be entitled, either in law or equity."

It will be seen that the two prayers mean the same thing, in substance. Each prays, primarily, for a return of the rails, if the law permits their return. The prayer for a recovery of their value is alternative, depending upon the failure of their primary prayer.

The Court of Civil Appeals has correctly held that the lessor of these rails had a choice of remedies. It could recover the rails, or property itself, as per the terms of the contract, or it could recover their value because of their conversion. But the two remedies are clearly inconsistent. Both cannot be pursued. One cannot recover the rails and also their value. It was necessary to make an election, and the lessor made it. Having made this election, it must abide by it. And, under the terms of this prayer, the Court of Civil Appeals should not have affirmed the judgment of the trial court. This, for the reason that the rails could have been removed and repossessed by the lessor.

This second proposition under the second assignment of error, already quoted by us, states the law correctly. The authorities sustaining the rule are cited by counsel for plaintiff in error as follows: Hogan v. Kellum, 13 Tex. 396; Denison v. League, 16

Tex. 400; Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391; Hutcheson v. Railway, 102 Tex. 471, 119 S. W. 85; Yett v. Cook, 115 Tex. 205, 281 S. W. 837; Jordan v. Massey (Tex. Civ. App.) 134 S. W. 804; Dean v. Dean (Tex. Civ. App.) 165 S. W. 90–92; McDougal v. Bradford, 80 Tex. 558–568, 16 S. W. 619.

We quote as follows from an argument filed herein by counsel for plaintiff in error:

"In Silliman v. Gano, the plaintiff prayed for particular relief: 'And that in the event this be refused, for $50,000, the difference in value of said land and the mortgage debt, * * * but, should this relief be refused, they ask that the sheriff's sale be set aside and that the deed to said Silliman be canceled,' etc., followed by a prayer for general relief. Judge Gaines says: 'The first prayer was asked absolutely and the second and third only upon condition that the first could not be granted. There is no clearer proposition in the case, than that if the plaintiffs were entitled to relief at all they were entitled to that requested in their first prayer. Having asked this relief and no . other, save upon condition that this could not be granted, were they not restricted to a recovery of the excess of the proceeds of the sale over the mortgage debt and a recovery of the lands which remained unsold?'

"In Hutcheson v. Railway, Judge Gaines answers the question and says: 'We attach but little importance to the alternative prayers for relief. The first averment in the petition sets forth the cause of action and there is a prayer for the recovery of damages upon that. * * * The alternative prayers, all being that if plaintiff was not entitled to recover upon her first allegations, then that she have a recovery for the construction and operation of the H. B. & M. P. R. R. Co., and so as to the other alternative prayers. Now, since we think that the allegations in the petition preceding the first prayer state a cause of action, it seems to us the other alternative prayers go out of the case.'"

This principle has been followed by Section A of the Commission of Appeals in the very recent case of Spivey v. Saner-Ragley Lumber Company, 284 S. W. 210.

[5, 6] Therefore we think this case cannot be affirmed. It must be reversed. It was not fully developed as to the cost to the railway company of repossessing the rails itself, an expense to be borne by plaintiff in error under the terms of the contract. We think justice will probably be better subserved by remanding this case, instead of rendering it. Upon another trial, with the law definitely settled by the opinion of the Court of Civil Appeals, except in the one respect we have discussed herein, the parties can try the case fully and arrive at the justice thereof from the standpoint of all concerned. That it is proper to remand, under these circumstances, is well settled. See Associated Oil Company v. Hart (Tex. Com. App.) 277 S. W. 1043.

We quote as follows from Judge Speer's opinion in the case last cited:

"It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction. Buzard v. Bank, 67 Tex. 83, 2 S. W. 59, 60 Am. Rep. 7; Combes v. Stringer, 106 Tex. 427, 167 S. W. 217; Hill v. Moore, 85 Tex. 335, 19 S. W. 162; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; Smith v. Patton (Tex. Com. App.) 241 S. W. 109; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002; Camden, etc., Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; Baker v. Shafter (Tex. Com. App.) 231 S. W. 349; Pershing v. Henry (Tex. Com. App.) 255 S. W. 382."

We recommend that the judgments of the district court and Court of Civil Appeals be reversed and the cause remanded to the former for a new trial.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded to the district court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.