### SMITH et al. v. MINOR et al.
#### No. 4193.

Court of Civil Appeals of Texas. Texarkana. May 19, 1932.

Rehearing Denied June 2, 1932.

B. F. Gafford and Durham & Dent, all of Sherman, for plaintiffs in error.

Brachfield & Wolfe, of Henderson, for defendants in error.

WILLSON, C. J. (after stating the case as above).

■ As. we view the record, there is no merit in either of the three contentions presented in the brief of plaintiffs in error. The first and second of the three are on the theory that the amended answer of the defendants in error in which they sought affirmative relief was not filed until after the motion of plaintiffs in error to dismiss their suit was filed, whereas it appears from recitals in the judgment, as shown in the statement above, that said amended answer was filed before said motion to dismiss was filed. The rule applicable in that state of a case has been stated to be that the plaintiffs "must be held to have had notice of every fact pleaded by the defendants prior to the time they announced their decision to take a non-suit." 15 Tex. Jur. 267; Thompson v. Gaither (Tex. Civ. App.) 45 S.W.(2d) 1106. The third one of the three contentions is that the "evidence was insufficient to support the judgment." As shown in the statement above, defendants in error claimed title in themselves by force of the five and ten year statute of limitations. In their petition plaintiffs in error alleged that the deed to H. C. Minor was duly recorded. There was testimony that H. C. Minor bought the land in 1884; that thereafter as long as he lived he claimed to own it; that after his death in 1915 to the time of the trial his widow and children claimed to own the land; that during all that time they had it fenced, cultivated it, and paid taxes assessed against it. We see no reason why it should be held that the evidence specified was not sufficient to support the pleas of limitation under the five and ten year statutes. Articles 5509 and 5510, R. S. 1925.

The judgment is affirmed.

On Plaintiffs in Error's Motion for Rehearing.

A contention (among others) in the motion is that this court erred "in finding and holding (quoting) that the trial court did not err in instructing the jury to find a verdict for the defendants in error and affirming the trial court's judgment, for the reason that the evidence was not conclusive as to the title of the defendants in error to said land by limitation, and such testimony was not without contradiction that defendants in error had had and held exclusive possession and control of such land for a period of ten years immediately prior to the date this lawsuit was filed in the trial court."

■■ Perhaps it is a sufficient answer to the contention to say this court did not so find and hold. Plaintiffs in error's insistence when the record was first before us was (as stated in the opinion disposing of the appeal) that the "evidence was insufficient to support the judgment." It was with reference to that contention, and not the one now urged, that this court looked to and considered evidence in the statement of facts, and thought, as it still thinks, that same warranted a finding that defendants in error and those under whom they claimed had title to the land by force of the ten-year statute of limitations, if in no other way. In holding as it did, this court also looked to the allegations in plaintiffs in error's petition, understanding, as it did, contrary to the view of plaintiffs in error, that it was proper to consider such allegations. Burford v. Burford (Tex. Civ. App.) 40 S. W. 602; Jones v. Wagner (Tex. Civ. App.) 141 S. W. 280. In said petition it was alleged that about the year 1889 Henderson (Hence) Smith purchased the land of H. C. Minor, afterward deceased; that defendant in error Mrs. H. C. Minor was the widow of said H. C. Minor, and that the defendants in error Virgil Minor and Mrs. Blanch Florence were his children; that he had no other living heirs; that they (defendants in error) claimed title to the land by force of a warranty deed or record in Rusk county, conveying same to H. C. Minor, who conveyed same, they alleged, to said Henderson (Hence) Smith. Plaintiffs in error's complaint in the motion seems to be largely based on the notion apparently entertained by them that it

was necessary for defendants in error, before they could claim by force of said statute, to prove that they had the land fenced. It was not necessary they should so prove (2 Tex. Jur. 90), but, as a matter of fact, evidence was adduced at the trial showing the land was fenced.

The motion is overruled.