## HUMBLE OIL & REFINING CO. v. JEFFREY et al.
### No. 1606—6006.

Commission of Appeals of Texas, Section A.
Dec. 22, 1932.

Webb & Felts and Edwin G. Moorhead, all of Austin, and R. E. Seagler, of Houston, for plaintiff in error.

Maynard & Maynard and Page & Powell, all of Bastrop, and Black & Graves, of Austin, for defendants in error.

### CRITZ, J.

The question presented by this appeal in this court is very simple. Humble Oil & Refining Company sued Wm. F. Jeffrey and a number of other persons in the district court of Bastrop county, Tex., in trespass to try title to 32.23 acres of land in that county. It is not necessary to state in detail the facts alleged by the defendants who answered; it is sufficient to say that the defendant Jeffrey's answer pleads a general denial, plea of not guilty, pleas of three and five year statutes of limitation, and pleas of res adjudicata and estoppel. At the close of the oil company's testimony, and after it had rested, and before any of the defendants had offered any testimony whatever, both the oil company and Jeffrey moved for an instructed verdict. The

motion of Jeffrey was granted, and the jury so instructed. The verdict was returned as directed, and judgment entered accordingly. The oil company appealed to the Court of Civil Appeals at Austin, and that court, in an opinion by Judge Blair, reversed the judgment of the district court as regards the oil company and remanded the cause for another trial. 38 S.W.(2d) 374. The oil company brings error.

The opinion of the Court of Civil Appeals, in effect, holds that the evidence offered by the oil company was sufficient in law to sustain a verdict in its favor. The Court of Civil Appeals also further holds that the trial court erred in excluding certain other evidence offered by the oil company tending to support its title to the property in litigation.

The oil company here contends that, since its evidence as offered proves its right to recover, and since the defendant Jeffrey offered no evidence whatever to dispute or controvert the same, the Court of Civil Appeals should have reversed and rendered the judgment of the trial court in its favor, instead of reversing and remanding the cause as it did. We overrule this contention.

The record shows that Jeffrey pleaded certain defenses to the oil company's petition. We do not know whether he can prove such defenses or not, as he was relieved of any necessity to do so by the ruling of the trial court on his motion for a peremptory charge. Such a record did not call for a rendered judgment for the oil company in the Court of Civil Appeals, and does not call for such a judgment here.

An appellate court is slow to render judgment after it has reversed the judgment of a trial court, and will not do so if the ends of justice will be better subserved by a remand. Saner-Whiteman Lumber Co. v. T. & N. O. R. Co. (Tex. Com. App.) 288 S. W. 127; Dominguez v. Garcia (Tex. Com. App.) 53 S.W.(2d) 459; 3 Tex. Jur. p. 1215, § 852 et seq. and notes.

In the case at bar we are unable to say what defenses the defendant Jeffrey will be able to prove at another trial, and therefore we are not able to say that the facts of this case are fully developed.

The oil company seems to contend that rendition should follow a reversal of the trial court's judgment, unless the record affirmatively shows that the evidence has not been fully developed. We think the converse is the rule; that is, that a case will not be rendered following a reversal unless it clearly and affirmatively appears from the record that the evidence has been fully developed.

Finally, we wish to say that the instant case does not involve the effect of a demurrer to the evidence, and we expressly pretermit any discussion of that question.

We recommend that the judgment of the Court of Civil Appeals, which reverses the judgment of the district court and remands the cause for a new trial be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.