**MARION COUNTY et al. v. SPARKS et al.**

No. 3590.

Court of Civil Appeals of Texas. El Paso.

Jan. 6, 1938.

Rehearing Denied Jan. 27, 1938.

Carney & Carney, of Atlanta, Vinson, Elkins, Weems & Francis, of Houston, and A. G. Schluter, of Jefferson, for appellants.

Parks E. McMichael, of Linden, and Randall & Gray, James F. Gray, and E. G. Moseley, all of Dallas, for appellees.

HIGGINS, Justice (after stating the case as above).

In Evitts v. Roth, 61 Tex. 81, it is said:

"'It is well settled that a party in possession, with improvements and inclosure, holds to the extent of his inclosure by what is termed actual possession; and if at the same time he holds under, deed or title, he holds to the extent of the boundaries of his deed or title, outside of his actual possession, by what is termed constructive possession.' Cunningham v. Frandtzen, 26 Tex. [34] 38.

"The appellees claimed under the Gholson patent by deeds describing their respective tracts by metes and bounds. To the extent of their respective inclosures they were each in the actual possession, but as to the land included in the boundaries defined in their respective deeds, and which was not in their respective inclosures, they had only a constructive possession. * * *

"But if the real owner is on any part of the land, his constructive seizin extends to all the land not in fact occupied by the other.

"The principle that to the rightful owner belongs the constructive possession, and all others as against him are confined to their actual possession, is well established by many adjudicated cases."

To the same effect are the following: Parker v. Baines, 65 Tex. 605; Freedman v. Bonner, Tex.Civ.App., 40 S.W. 47; Combes v. Stringer, 106 Tex. 427, 167 S.W. 217; South Texas Development Co. v. Manning, Tex.Civ.App., 177 S.W. 998; Evans v. Houston Oil Co., Tex.Com.App., 231 S.W. 731; Houston Oil Co. v. Holland, Tex.Com.App., 222 S.W. 546; Lee v. Kirby, Tex.Civ.App., 277 S.W. 225; Manning v. Standard Oil Company of Kansas, Tex.Civ.App., 67 S.W.2d 919; Musgrove v. Foster Lumber Co., Tex.Civ.App., 89 S.W.2d 287.

■ It appears from the evidence and the eighth finding of the jury that at least 20 acres of the 50-acre tract were inclosed and cultivated by Jim and Frank Sparks. It also appears Frank Sparks, after the death of Jim, had actual possession of a part of the 50 acres and cultivated same. It also shows Jim and Frank Sparks were claiming the entire 50 acres. We have carefully considered the evidence referred to by appellees and regard it as insufficient to show actual possession of any part of the 50 acres, except that under fence, which the Sparks lived upon and cultivated. We do not mean to hold that fencing is in all cases necessary to constitute either actual or adverse possession. It is not. Smith v. Minor, Tex.Civ.App., 50 S.W.2d 405; Webb v. Lyerla, 43 Tex.Civ.App. 124, 94 S.W. 1095. The evidence with respect to possession of the uninclosed, land simply shows Frank Sparks had the 50 acres surveyed in 1922, the lines marked, cut timber at times upon the same, and used it for grazing purposes. This was insufficient to show actual possession of the uninclosed and uncultivated land. Freedman v. Bonner, supra. Much of the evidence relied upon by appellees in this connection is pertinent to the adverse nature of the Sparkses' claim to the entire 50 acres rather than to the issue of whether their possession was actual or constructive.

■ Under the authorities cited, the Sparkses never at any time had constructive possession of the uninclosed and uncultivated land because at all times some of the Hazelwoods, the true owners, were in actual possession of some portion of the 235.4-acre tract. Such possession excluded any constructive possession which Jim and Frank Sparks might otherwise have had of the uninclosed land. This being true, and the land actually in possession of the Sparkses not being identified and located on the ground, either by the pleadings or evidence, an instructed verdict in appellants' favor should have been given. Musgrove v. Foster Lumber Co., supra.

■ The judgment, however, will not be here rendered, but will be remanded to permit plaintiffs to properly identify and locate upon the ground the land actually possessed by them. Combes v. Stringer, supra.

■ It is unnecessary to consider appellees' cross-assignments of error. Appellees, who are plaintiffs in the case, must recover upon the strength of their own title. The weakness, if any, of defendants' title does not aid them.

Reversed and remanded.