LOCKIN v. JOHNSON et al. (No. 302.)

(Court of Civil Appeals of Texas. Beaumont. March 12, 1918.)

1. ADVERSE POSSESSION ☞112, 115(1)—BURDEN OF PROOF—QUESTIONS FOR JURY.

Though the burden of proving all facts rests on claimant by adverse possession, every presumption being in favor of possession in subordination to the rightful owner, yet where the evidence is conflicting, the weight thereof remains a question for the court or jury trying the issues.

2. ADVERSE POSSESSION ☞47—INTERRUPTION OF POSSESSION.

If title of the claimant by adverse possession were not already perfect, a lease within the statutory period of only 8 acres out of a tract of over 160 acres, made by the true owner to a third person, would prevent perfection of the adverse claimant's title; since the possession of the tenant was that of the real owner and gave constructive possession of the whole tract.

3. LANDLORD AND TENANT ☞64—INTERRUPTION OF POSSESSION.

A lease by the true owner to the son of the claimant by adverse possession, who also held as a lessee of his mother, failed to interrupt the adverse possession, upon the same principle as that which prevents a tenant from attorning to another during the term of his tenancy.

4. PLEADING ☞259—TRIAL—AMENDMENTS.

In action to recover lands, where defendant claimed a specific tract by adverse possession, it was not error to permit a trial amendment to the answer praying in the alternative that an undescribed 160-acre tract be set off to her, and that such tract include her improvements.

5. TRESPASS TO TRY TITLE ☞47—RIGHTS OF CLAIMANTS—RELIEF.

One who claims title under the 10-year statute of limitation may claim a specific 160 acres out of a larger tract, and, in the alternative, plead 10-year statute of limitation as to an undivided interest of 160 acres in the tract, the same to include his improvements, and the court may, by proper decree, appoint commissioners to make partition as in other cases of partition, so as to segregate and set apart a particular 160 acres to the party whose title under the 10-year statute of limitation is sustained.

Error to District Court, Liberty County; L. B. Hightower, Sr., Judge.

Action by J. C. Lockin against Morian Johnson and another. From the judgment rendered, plaintiff brings error. Affirmed.

C. H. Cain, of Liberty, and Stevens & Stevens, of Houston, for plaintiff in error. W. P. Cruse, of Cleveland, and E. B. Pickett, Jr., of Liberty, for defendants in error.

KING, J. Plaintiff in error filed suit in the nature of trespass to try title against Morian Johnson and Archie Johnson to recover a tract of 2,114 acres of land known as the William Hayes survey in Liberty county and San Jacinto county. Archie Johnson, the son of Morian Johnson, filed a disclaimer. Morian Johnson disclaimed except as to 160 acres, which she claimed by limitation.

Judgment was rendered in favor of plaintiff in error for the land in controversy, with the exception of 160 acres, which was adjudged to the defendant in error, Morian Johnson. From this judgment J. C. Lockin has prosecuted a writ of error to this court.

There are four assignments of error urged, three of which complain as to the sufficiency of the evidence to sustain the findings of fact of the trial court, and the judgment rendered thereon. The other assignment complains of the action of the court in permitting the defendant in error to file a trial amendment during the trial of the case, asking to recover an undivided interest in the land in controversy so as to include her improvements, and in refusing to permit the plaintiff in error to take judgment against the defendant in error, with the exception of 160 acres described in the answer of Morian Johnson.

The evidence discloses that the defendant in error went upon this land with her husband, according to her testimony, 26 years before the trial of the cause, and, according to all the testimony, she has resided and had several acres in cultivation and continually cultivated the same for a period of time over twice as long as the statutory period of 10 years. It is also undisputed that the plaintiff in error entered upon the 2,114 acres of land for the purpose of cutting the timber, and did actually cut the timber up to defendant in error's fence which inclosed the land.

The disputed issues are: (1) When did the defendant in error enter upon said land? (2) When did she begin to assert claim to 160 acres? (3) When did the owner enter upon the land for the purpose of cutting the timber?

In his findings of fact, the trial court found that defendant in error moved upon the land and built a house thereon and worked 4 or 5 acres of land, and at once began to cultivate the same in the year 1889, and that they commenced to claim 160 acres thereof as their home when they first entered upon the land, and that she lived continuously with her husband on said land until about 1899, when her husband left her, and made a verbal gift to her of his interest and title in and to the said 160 acres upon which they had settled and had been cultivating, and that she continuously lived thereon until the trial of the case. The court also further found as a fact that the entry of the owner of said land for the purpose of removing the timber was made in 1902 or 1903; the trial court erroneously naming the owners as the Foster Lumber Company, when in fact the then owner, as shown by the record, was the R. C. Miller Lumber Company. Appellant and appellee each concede that this was inadvertently done by the court. There was a mass of conflicting evidence upon these issues, which we find impracticable to set

out in full, but there is ample evidence in the record to sustain the findings of the court.

[1] While the rule is familiar that the burden of proof rests on the party relying on a title by adverse possession to prove all the facts necessary to establish such title, and that every presumption is in favor of a possession in subordinaton to the rightful owner, and that title by adverse possession must be established by clear and positive proof, yet where the evidence is conflicting, the weight of the evidence still remains a question for the court or jury trying the issues. 1 R. C. L. 695, § 9. Therefore, by simple calculation, defendant in error had been upon the land for a period of over 10 years at the time found by the court when the owners of the record title took possession for the purpose of removing the timber, and, the court having found from the evidence the existence of all the elements to perfect the 10-year statute of limitation, we hold that the defendant in error had perfected her title to 160 acres of land, including her improvements, before the entry of the record owners for the purpose of cutting the timber.

[2] The record discloses that the defendant in error has continued to reside upon the land claimed by her from the time the owner removed the timber, which was not later than 1903, and up to the time of filing of this suit in 1916, which was more than the statutory period of 10 years, and defendant in error insists that she has perfected her title since that time, even if it should be found that she had not done so at the time of entry by the true owner for the purpose of removing the timber. Plaintiff in error, reasoning from the standpoint that limitation had not been perfected by the defendant in error at the time of the removal of the timber, urges that during the second period the defendant in error's possession was interrupted by two leases from the true owner, one to Archie Johnson, the son of defendant in error, and the other to Dr. Victery. Under our holding that limitation had been perfected prior to 1902 or 1903, at the time the timber was removed, these contentions become immaterial, so far as the result of this appeal is concerned; but, as the matters are raised by proper assignments of error, we hold that the lease to Dr. Victery in 1906 of eight acres, by the true owner, although the lease was restricted to the eight acres constituting the improvements of Victery, would have interrupted the possession of the defendant in error, had not her title by limitation been already perfected. The possession of Victery was the possession of the real owner, and where the real owner is in possession of a part of his land he has constructive possession of the whole tract.

[3] The lease to Archie Johnson, however, of the same day, would not have had the effect of interrupting his mother's possession, as the trial court found that he was a tenant of his mother, and that his mother knew nothing of the lease until 1915. He was merely, at most, a tenant at will of his mother, and as such tenant he could not in secret enter into any transaction which would gain possession of the land for himself, or give possession to the other party with whom he was secretly dealing. Juneman v. Franklin, 67 Tex. 415, 3 S. W. 562. The principle which applies to such state of facts is the same as that which prevents a tenant from attorning to another during the term of his tenancy.

As to the assignment as to the trial amendment of the defendant in error, it appears that defendant in error, by her first amended answer, pleaded title under the 10-year statute of limitation to a specific 160 acres out of the tract of land sued for by plaintiff in error, and disclaimed title to all of the land except such 160 acres, but by a trial amendment which the court granted leave to file, she pleaded limitation under the 10-year statute first to a specific 160 acres, and then, in the alternative, to an interest of 160 acres of land in said tract, the same to include her improvements, and with a prayer for partition thereof by proper orders of the court, and also by said trial amendment, her disclaimer was made to apply to the tract of land sued for, after excepting whatever 160 acres she was given title to by limitation, whether the judgment was for a specific 160 acres or for an undivided interest of 160 acres. The plaintiff in error did not ask for judgment upon the disclaimer contained in the first amended original answer of defendant in error until after the said trial amendment had been filed. This is shown by the judgment of the court, which in part reads as follows:

"And the court having heard the pleadings and the evidence offered by plaintiff on making out his case in chief, and then having heard in part the evidence offered by said defendant Moning Johnson, the said defendant asked for and duly obtained leave of the court to file herein her first trial amendment, to which the plaintiff objected, and such trial amendment having been so duly filed, over the objection of the plaintiff, to which action of the court in allowing said trial amendment to be filed the plaintiff excepted, whereupon the said trial amendment having been so filed upon due leave of the court so to do, the plaintiff asked for judgment on the disclaimer of said defendant Moning Johnson, except the 160 acres specifically described in her original answer, and the said defendant having in her said trial amendment disclaimed title to all of the land sued for by plaintiff of which she may be the owner under the 10-year statute of limitation; thereupon it was ordered, adjudged, and decreed by the court that the plaintiff, J. C. Lockin, should have and recover of and from the said defendant Moning Johnson the land sued for in his petition, and being a tract of 2,114 acres of land out of the William Hayes survey, as hereinafter described, except the said 160 acres thereof to which said defendant Moning Johnson may be entitled and the owner of under the 10-year statute of limitation."

[4] It was not error for the court to permit the filing of this trial amendment, and in refusing to enter judgment against defendant in error as to the specific 160 acres claimed in

her first amended original answer. Davis v. Collins, 169 S. W. 1130, and cases therein cited.

[5] We understand the rule in this state also to be that one who claims title under the 10-year statute of limitation may claim a specific 160·acres out of a larger tract, and, in the alternative, plead 10-year statute of limitation as to an undivided interest of 160 acres in the tract, the same to include his improvements, and the court may, by proper decree, as he did in this case, appoint commissioners to make partition as in other cases of partition, so as to segregate and set apart a particular 160 acres to the party whose title under the 10-year statute of limitation is sustained. Wickizer v. Williams, 173 S. W. 1163; La. & Texas Lbr. Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110; La. & Texas Lbr. Co. v. Stewart, 61 Tex. Civ. App. 255, 130 S. W. 203.

In the Davis Case, supra, plaintiffs, after the evidence was closed, and the argument of counsel had been heard, were allowed to file a trial amendment alleging that if mistaken in their plea of limitation as to a specific 160 acres, then they alleged title to 160 acres of the league, said 160 acres including plaintiff's improvements, and it was held on appeal that the trial court did not err in allowing the trial amendment to be filed.

We find no error urged that would justify the reversal of the trial court's judgment, and the same is therefore affirmed.