### POWELL LUMBER CO. v. MEDLEY et al.
### No. 3425.

Court of Civil Appeals of Texas. Beaumont.
April 6, 1939.

Rehearing Denied April 26, 1939.

J. B. Forse, of Newton, and Richardson & Lanier, of Jasper, for appellant.

Synnott & Smith, of Jasper, for appellees.

WALKER, Chief Justice.

This was an action in trespass to try title, filed the 13th day of February, 1937, by appellant, Powell Lumber Company,

against appellees, R. A. Medley et al., for the title and possession of 200 acres of land out of the R. Simmons league in Newton County. Of the answer of appellees, it is sufficient to say that they plead the statute of limitation of ten years, claiming an undivided interest in the 160 acres out of the 200 acres in controversy, which was awarded to them on the verdict of the jury finding that issue in their favor.

We sustain appellant's assignment of error that the court erred in refusing to instruct the jury to return a verdict in their favor. The entry, under the limitation claim, was made in 1925, and, under appellees' testimony, continued until this suit was filed; under their testimony, they made certain improvements which were not described in their answer nor located on the ground by their testimony. In 1930 appellant, holding the record title, sold the timber on the land to D. C. Humphreys, who entered upon the land about the 27th day of December, 1930, and by continuous cutting over all the land, cut and removed the timber; this cutting continued until some time in the summer of 1931. The entry upon the land by Humphreys, and the cutting and removal of the timber by him, was under appellant, and constituted a re-entry by appellant, the record owner, and restricted appellees to their enclosures as they existed on the ground at the time of the re-entry. Furlow et al. v. Kirby Lbr. Co., Tex.Civ.App., 53 S.W.2d 642. Appellees did not have ten years' possession subsequent to the re-entry by appellant.

We overrule appellees' counter proposition that appellant did not establish a record title. The statement under this counter proposition merely refers us to the statement of facts, volume and page, with reference to the instruments in issue. The particular defects in such instruments are not pointed out except in the most general way. As appellees have made no statement, merely referring us to the record, we dispose of this assignment simply by saying that we have examined the record as cited to us and, on our examination, overrule the counter proposition.

By a second counter proposition appellees contend that the re-entry by the record owner through his vendee Humphreys for the purpose of cutting the timber, when nothing more is shown under the re-entry than the cutting and removal of the timber from all over the land, is not such a re-entry as to restrict the limitation claimant to his enclosures. This contention is denied by the Furlow case; by the re-entry appellant claimed and exercised dominion over all the land in controversy, except appellees' enclosures.

There is no merit in the third counter proposition that Humphreys cut and removed the timber as a tenant, or under the limitation claim, of appellees. Humphreys entered under his purchase from appellees and removed the timber claiming title under appellant. There was testimony to the effect that he took possession of appellees' improvements with their consent, but this testimony presents an immaterial point. The re-entry by appellant did not interfere with appellees' possession of their enclosures.

There is no merit in the fourth counter proposition that, under appellees' testimony, appellant abandoned the re-entry before removing from the land all the logs that he had cut. Before abandoning the re-entry, if appellees' testimony be accepted as true, Humphreys had exercised dominion over all the land and had cut and removed timber from all portions of the land.

The judgment of the lower court is reversed and judgment here rendered in favor of appellant for all the land in controversy not included within appellees' enclosures; as to that portion of the land within appellees' enclosures, the judgment of the lower court is reversed and the cause remanded. The Furlow case is not authority to reverse and render against appellees as to their enclosures; in the Furlow case judgment in the lower court was against the appellant; on this point, this case falls within the ruling announced in Marion County v. Sparks, Tex.Civ.App., 112 S.W.2d 798, and Combes v. Stringer, 106 Tex. 427, 167 S.W. 217.

Reversed and rendered in part, and in part reversed and remanded.