## BISHOP et al. v. GILMER CO.

### No. 3523.

Court of Civil Appeals of Texas. Beaumont.

July 13, 1939.

Synnott & Smith, of Jasper, for appellants.

E. J. Fountain, of Houston, and Richardson & Lanier, of Jasper, for appellee.

O'QUINN, Justice.

This is a suit in trespass to try title brought by appellants against appellee seeking to recover title and possession of 122.28 acres of land a part of the Jaradore Adams one hundred and sixty acre survey in Jasper County, Texas. Appellants asserted title to the land by virtue of the ten years' statute of limitation. They also specially plead possession of two small tracts, portions of the 122.28 acre tract and asserted title to said two tracts by virtue of the ten years' statute of limitation, and prayed for judgment to said tracts in the event they did not recover the whole of the land sued for.

Appellee answered by general denial, plea of not guilty, and the several statutes of 3, 5, 10, 25, 2 and four years' limitation. It also answered by cross action against appellants in which it sought to recover title to the land.

The case was tried to a jury upon special issues upon their answers to which judgment was rendered in favor of appellee for the land, except the two small tracts mentioned in appellants' pleadings, one of 1.19 acres and one of 3.35 acres, which were awarded to appellants. Motion for a new trial was overruled, and we have the case on appeal.

The record title to the land is in appellee. The Jaradore Adams 160 acre tract in question is traversed by Highway 45. Appellants sued to recover that portion of the 160 acres south of said highway amounting to 122.28 acres. The record reflects that said highway was constructed about five years before the trial of the suit. There had been a tramway located and operated on the land by appellee and its predecessors in title from about 1915 to about 1925. Appellants' claim to the land began with the clearing of the two small tracts after the removal of the tram in about 1925. This use of the cleared land was for some 13 or 14 years.

In answer to special issue No. 1, the jury found that appellants had peaceable and adverse possession of "part of the land described in paragraph 3 of plaintiffs' petition" (the 122.28 acres), cultivating, using and enjoying the same continuously and claiming the entire tract for as long as ten years prior to the filing of the suit July 24, 1937.

In answer to special issue No. 4, they found that George Martindale bought from the Gilmer Company, and cut and removed timber from the Jaradore Adams survey in 1928.

In answer to special issue No. 5, they found that W. E. Grammier bought from the Gilmer Company, and cut and removed timber from the Jaradore Adams survey in Jasper County, Texas, after the beginning of the year 1928. Grammier testified that his timber cutting contract extended to periods of 1928, 1929, 1930, and that he finished cutting in 1931. He said that he saw and talked with Bishop about cutting the timber and that Bishop made no objection. That he cut the timber around the two small clearings—cut up to within some 150 or 175 yards of the enclosures. That he cut timber in there at different times—not steady. That he was in there cutting timber four or five different times. That he cut timber south of Highway 45.

George Martindale testified that he cut timber bought by him from the Gilmer Company on the Adams survey in 1931. That nearly all of the timber he cut was south of Highway 45. That he talked to Bishop before cutting the timber and that Bishop made no objection. That he paid $125 for the timber he cut.

The law is well settled that any entry by or under the record owner of land breaks the exclusiveness of the possession of a limitation claimant, and the limitation period must after such entry by the record owner be started over again. The jury, on the undisputed evidence, having found that such re-entries were made by Martindale and Grammier under contract with the record owner, the Gilmer Company, the possession of appellants, such as would support limitation, was restricted to the two small enclosures actually held and used by them, and the judgment for appellee for the land, except the two small enclosures actually held and used by appellants, was proper. Evitts v. Roth, 61 Tex. 81; Combes v. Stringer, 106

Tex. 427, 167 S.W. 217; Evans v. Houston Oil Co., Tex.Sup., 231 S.W. 731; Howell v. Garlington, Tex.Civ.App., 270 S.W. 269; Southwestern Lumber Co. of New Jersey v. Evans, Tex.Civ.App., 275 S.W. 1078.

But appellants contend that the jury having found in answer to special issue No. 1 that appellants had held peaceable and adverse possession "of part of the land described in paragraph 3 of plaintiffs' petition, cultivating, using and enjoying the same continuously and claiming the entire tract for as long as ten years prior to the filing of this suit on July 24, 1937," the court erred in refusing them judgment for the entire tract. The entire tract sued for contained 122.28 acres of land, described in paragraph 3 of the petition. The issue inquired as to appellants' possession "of part of the land" described in said paragraph 3 of the petition. Whether it was intended to relate to the two small enclosures we need not decide. The contention here is specifically made as to the entire 122.28 acre tract, it being insisted that the rule of law above announced does not have application where the re-entry is not made directly by the record owner or of one acting for him. In other words it is insisted that the entry by one who has bought timber on the land from the record owner and enters upon the land for the purpose of cutting and removing the timber is not such entry by the owner of the land as to restrict the adverse claimant to the portions of the land that are actually enclosed and used by the claimant. This contention is without merit. The entry upon the land by Martindale and Grammier, the timber purchasers, and the cutting and removal of the timber by them was under appellee and constituted a re-entry by appellee, the record owner of the land, and restricted appellants to their enclosures as they existed on the ground at the time of such re-entry. Furlow v. Kirby Lumber Co., Tex.Civ.App., 53 S.W.2d 642; Powell Lumber Co. v. Medley, Tex.Civ.App., 127 S.W.2d 520, writ dismissed. In the case last cited the identical question was directly involved. The decision was by this court. We there held that the "entry on land by the purchaser of timber rights from the real owner and the cutting and removal of timber from all parts of the land constituted a re-entry by the true owner and interrupted limitation claim-

ant's exclusive possession." Application for a writ of error against this holding was dismissed by the Supreme Court.

Other assignments are presented. They have all been considered and none of them show error, and are all overruled. If it could be said that any of them show error, the error was harmless, for under the undisputed evidence no other judgment could have been rendered than that rendered by the trial court.

No error appearing, the judgment is affirmed.