## TOM F. COLEMAN ET AL V. ELLIS WADDELL ET AL.

No. A-3540. Decided June 11, 1952.
Rehearing overruled July 23, 1952.
(249 S. W., 2d Series, 912.)

*Grover C. Lowe,* of Woodville, and *A. M. Huffman,* of Beaumont, for petitioners.

The Court of Civil Appeals erred in holding that there was evidence to support the jury's answer to the special issue that the Waddells had adverse possession of the land in controversy for more than ten years; in holding that it was an issue of fact for the jury as to whether the encroachment doctrine was applicable to this case or not, for the reason that such issue is one of law to be determined by the court, and said court erred in its reversing and remanding said case for the reason that the garden constituting defendants only occupation of the land was merely subsidiary and incidental to and referable to their home

and place of residence and insufficient as a matter of law to constitute adverse possession of more land than was actually enclosed in the garden. Bailey v. Kirby Lumber Corp., 195 S.W. 221; Temple Lbr. Co. v. Low, 272 S.W. 769.

*John T. Lindsey,* of Port Arthur, and *R. E. Biggs,* of Liberty, for respondents.

In reply to the above propositions respondents cite Bechert v. Rhea, 19 S. W. 2d 173; Monroe v. Lyons, 189 S. W. 2d 90; 2 Texas Jur. sec. 63.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is an action in trespass to try title to a tract of 100 acres of land in the Frederick Helfenstein survey in Hardin County. The record title to the land is in petitioners, who were defendants and cross plaintiffs in the trial court. Respondents are the widow and children of E. M. Waddell, deceased, and certain other parties, whose rights, if any, were derived from the Waddells. Their claim of title rests on the statute of limitation of ten years. Article 5510, R. S. 1925. The answers of the jury to special issues sustained respondents' claim of title by limitation, but the trial court, on motion, rendered judgment for petitioners notwithstanding the verdict. The Court of Civil Appeals reversed the trial court's judgment and rendered judgment for respondents on the verdict. 248 S. W. 2d 216. Its opinion may be referred to for a full statement of the case. We are turning the case on a single question, and our statement will be limited to such facts as are relevant to that question.

Respondents' claim of title rests upon adverse possession by enclosure of a small part of the 100-acre tract by E. M. Waddell and his family. For reasons appearing below they fix the beginning of their claim after 1920. Respondent Mrs. Emma Waddell and E. M. Waddell were married in 1906, and about the year 1909 established their home on the Bryan survey, which adjoins the 100-acre tract in suit on the east. They resided there until 1927, when they moved to the community of Village Mills, where they resided until Mr. Waddell's death in 1936. There is evidence that a son succeeded to and continued that occupancy until 1947. During the time when he occupied his home tract on the Bryan survey, E. M. Waddell enclosed about two acres of land out of the 100-acre tract in suit and cultivated it as a garden. No other portion of that tract has been enclosed. The

distance between the garden fence and the Waddell tract was not more than 150 yards.

In 1920 Kirby Lumber Company purchased the timber from the record owners of the 100-acre tract, and it is stipulated in the record that it cut the timber thereon during the months of November and December of that year. Respondent Mrs. Emma Waddell, surviving wife of E. M. Waddell, testified that she and her husband began to cultivate the 2-acre garden in 1916. They had enclosed it by a stock-proof rail fence. Respondent J. E. Waddell, son of E. M. Waddell, testified that he cultivated this garden in 1921, presumably as a tenant of his father, and for three or four years thereafter. In response to the question of whether anybody cultivated it prior to 1920, he answered "Yes, it was." The witness Jenkins testified that E. M. Waddell "went on there along in 1920, fenced it then." And the witness Mc-Graw testified that he first saw the garden fenced "around 1920, something like that." It is thus seen that Mrs. Waddell, surviving widow, and J. E. Waddell, surviving son of E. M. Waddell, both parties to this suit, testified that this garden was cultivated prior to 1920. It is very doubtful whether the testimony of Jenkins and McGraw raised any issue of fact, but their testimony is not a denial that the garden was fenced before December, 1920, when Kirby Lumber Company was cutting the timber. We, therefore, conclude that, while there may be an issue of fact as to the date when the garden was enclosed, the undisputed facts establish that the date was prior to December, 1920.

1 The entry of the record owners through their vendee, Kirby Lumber Company, by cutting and removing the timber from this land restricted Waddell's use and possession to that actually enclosed by him. Waddell had no possession of that portion of the tract not under fence which would interfere with the constructive possession of the true owners, and when the true owners through their vendee, Kirby Lumber Company, entered the land and cut and removed the timber therefrom, the adverse possession, if any, of the Waddells, except as to the garden, ceased. Evitts v. Roth, 61 Texas 81; Combes v. Stringer, 106 Texas 427, 167 S. W. 217; Evans v. Houston Oil Co. (Comm. App.), 231 S. W. 731; Haynes v. Texas and N. O. R. Co., 51 Texas Civ. App. 49, 111 S. W. 427 (error refused); South Texas Development Co. v. Manning, 177 S. W. 998 (error refused); Powell Lumber Co v. Medley, 127 S. W. 2d 520 (error dismissed, judgment correct); Furlow v. Kirby Lumber Co., 53 S. W. 2d 642; Bishop v. Gilmer Company, 131 S. W. 2d 173.

There is no evidence that the Waddells thereafter enlarged their enclosure; and no evidence that they ever abandoned the garden and later made a re-entry thereof under a new claim. They, therefore, have no basis now for their claim of adverse possession.

2 Respondents failed to allege or prove any description of the garden claimed by them. For that reason the trial court could not render judgment in their favor for it. They had the burden of identifying the tract, and since they failed to do so, the trial court properly rendered judgment in favor of the record owners for title to the entire tract. Surkey v. Qua, 173 S. W. 2d 230 (error refused for want of merit); York v. Thompson Lumber Co., 169 S. W. 187.

Petitioners rely upon other grounds for an affirmance of the trial court's judgment, but since we are of the opinion that that judgment should be affirmed on the ground above discussed, we find it unnecessary to express any opinion on the other grounds relied upon.

No question has been raised on appeal, independent of those concerning title, about that portion of the judgment against respondents for the value of timber cut by them from the land.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered June 11, 1952.

Associate Justice Smith took no part in the hearing or decision of this case.