**Clem HINDS et ux., Appellants,**

**v.**

**J. A. KILLOUGH et al., Appellees.**

**No. 6897.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 21, 1959.

Rehearing Denied Feb. 8, 1960.

White & White, Lawing & Hazlett, Borger, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellees.

CHAPMAN, Justice.

This is an appeal from a summary judgment granted all appellees, J. A. Killough and others and Lanhom Development Corporation. The record properly before us is upon motions for summary judgment filed by appellees, sworn pleadings, stipulations, an affidavit, and depositions of Clem Hinds and wife, Margaret Hinds. The suit was instituted on July 16, 1958, by J. A. Killough and others against Clem Hinds and wife, Margaret Hinds, for simple trespass against the surface interest only of the West half of the West half of Section 14,

Block Y, M. & C. Survey, Hutchinson County lying south of the south right-of-way of State Highway No. 152 between Borger and Pampa, subject to various outstanding rights-of-way, easements and deeds enumerated in the pleadings. By cross-claim appellants Hinds disclaimed as to all the property except the N.W.¼ of the S.W.¼ of the named section and asserted title to it by virtue of the ten and twenty five years statutes of limitation. By such action they also included Lanhom Development Corporation, asserting title by adverse possession against them as to that portion of the N.W.¼ of the S.W.¼ of said section 14 lying north of said State Highway 152. The Hinds will be referred to as claimants, appellants, or by their names, Killough and others as Killough and the Corporation as Lanhom.

It was stipulated and agreed by all parties that Lanhom owned record title to the surface estate of the area included in the 40 acres north of State Highway No. 152 and Killough owned record title to the surface estate of that area in the 40 acres south of said highway, both subject to the claims of title by adverse possession in appellants and subject to the rights-of-way, easements and deeds enumerated. The land in controversy is shown on the map included in this opinion.

N

W

E

S

Phillips Hwy.

120'

LANHOM (approx. 14 acres)

120'

State Hwy. 152

KILLOUGH ET AL (approx. 22 acres )

Scale: 1" = 300'

NW ¼ of SW¼, Sec. 14, Blk. Y,

M&C Survey, Hutchinson County,

Texas

-3-

The record indicates Clem Hinds acquired the working interest of an oil and gas lease on the 40 acres here involved in 1929 and in February of 1930 his wife;

Margaret Hinds, with her separate funds constructed a house upon the property for use by herself and family. Her sworn pleading in a suit filed in 1939 recites "said construction and placing and locating of said building being with the consent and approval of the owner of the surface rights in and to said tract of land." It is without question in the record that the claimed 40 acres was not enclosed for any 10 year limitation period. A small garden plot within the 40 acres was enclosed for a period prior to 1943, but as we shall later demonstrate it was not for a 10 year period in which there was an exclusive adverse possession.

The testimony fails completely to establish title in appellants under the 25 years Statute of Limitation. Appellants so admitted in their brief so we shall not further mention that statute.

■■■■ As part of the summary judgment evidence appellees took the depositions of both appellants. Clem Hinds asserted in effect that he started claiming the land immediately after a law suit was filed against him about 1939, but we believe other testimony in his deposition clearly eliminates any beginning claim prior to 1943. He asserted that he grazed cattle on the land in controversy until "1942 and 1943." He further testified in the deposition as follows:

"Q. And that all the time you had one to three head of milk cows roaming there, out there with other cattle roaming around on this land too? A. That is right.

"Q. Watkins sometimes, Killough sometimes, and just strays, dairy herds? A. Dairy herds and everything else on there."

We assume the testimony of Clem Hinds concerning grazing his cattle on the land in controversy constituted part of the facts by which he attempted to establish his adverse possession. Limitation title cannot be acquired by grazing cattle on unenclosed land if that fact alone is the only adverse showing. Orsborn v. Deep Rock Oil Corporation, 153 Tex. 281, 267 S.W.2d 781; De Las Fuentes v. Macdonell, 85 Tex. 132, 20 S.W. 43. But even if grazing his cattle should be said to constitute some of the facts going toward a showing of adverse possession, under the record in this case it could not have had a beginning date prior to 1943. With the legal owner, Killough, and others not in subordination to the claimants grazing cattle on the same land until 1943 that requisite quality of exclusiveness necessary to claim title by limitation was not present.

The statutory definition of adverse possession expressly requires that such possession be exclusive. Article 5515, Vernon's Annotated Civil Statutes. "Any sort of joint or common possession by the claimant and the owner or tenant of the owner prevents the possession of the claimant from having the requisite quality of exclusiveness. In such circumstances the law refers the possession to the person having legal title." 2 T.J.2d pp. 141–142; Riddle v. Vandiver, Tex.Civ.App., 225 S.W.2d 460; Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925. Therefore, in order for appellants to ripen their ten years limitation period they would have to do so after 1942 before they could establish title thereby.

■■■■ In 1934 S. D. McIlroy, R. S. Killough and others owning an undivided interest in the property in controversy conveyed a strip of land to the State Highway Commission for the Borger to Pampa Highway, State Highway 152, constructed about that time. The construction of said highway separated the property shown on the map as Lanhom from the improvements where appellants actually resided and where they still reside on the part of the 40 acres south of the highway. Such sale and the construction of said highway severed the property north of the highway from the improvements.

The record shows that in 1951 Killough, Lanhom's predecessor in title, deeded to the

State of Texas a 120-foot strip off the west side of the property running from the north side of State Highway 152 entirely across that part of the 40 acres lying north of said highway. The deed was filed for record on April 24, 1951. The Hinds never made any demand for payment for said 120-foot strip. Such action of the record owner certainly interfered with the possession of the adverse claimants to that part north of the highway because same was taken away from them and put into a street. We believe the exercise of such ownership by the record owner was sufficient to put an ordinarily prudent person claiming by adverse possession upon notice that he had been ousted and constituted such entry as to interrupt any adverse possession of appellants against Lanhom. Coleman v. Waddell, 151 Tex. 337, 249 S.W.2d 912; Lockin v. Johnson, Tex.Civ.App., 202 S.W. 168; Houston Oil Co. of Texas v. Moss, 155 Tex. 157, 284 S.W.2d 131. We realize that the question of whether the claimant's possession was continuous is frequently one of fact for the jury's determination but if we are correct in holding that sale of part of the Lanhom property and filing the deed for record constituted such entry of the property north of the highway as to interrupt the adverse possession of appellants concerning that property the ten year period of limitation was not completed as a matter of law, thus making the summary judgment in favor of Lanhom proper.

Had this appeal concerning the Killough property come to us from a favorable judgment for the record owner by a fact finding body, with all the rules favoring a trial court judgment under such circumstances, we would have no hesitancy in sustaining the lower court, but we believe the rules announced in summary judgment cases would require a record such as we have between appellants and Killough to be sent back to the trial court for a trial on the merits.

Concerning summary judgment our courts have said:

"All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment." Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931.

"In determining a motion thus depending upon extrinsic evidence, the court's task is analogous to that which he performs on a motion for directed verdict. He accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position." Id.

"The general rule is that if a motion involves the credibility of affiants or deponents, or the weight of the showings or, it is said, a mere ground of inference, the motion will not be granted." Id.

"Pleadings, affidavits and other instruments will be construed liberally in favor of the party against whom summary judgment is sought." Webster v. Webster, Tex.Civ.App., 293 S.W.2d 820, 824.

"It may well be that the ultimate facts in the case will be inferred from uncontroverted facts; and, if so, the inferences themselves are facts, and they are 'controverted' if reasonable minds could draw different inferences. Drawing these inferences is ordinarily the province of the trier of the facts; and summary judgment will not lie in such a situation unless the facts compel, to the exclusion of all others, the inferences which support the summary judgment." Bliss v. City of Fort Worth, Tex.Civ.App., 288 S.W.2d 558, 563.

Clem Hinds insisted in his deposition taken by appellees that he claimed the property as his own after the law suit was filed against him by E. R. Biggs et al. in 1939. Though the cattle of Killough et al. grazing the land to 1943 kept appellants'

claim from being exclusive to that date we think it might be inferred from the record that any of those interfering with his actual possession of that part of the 40 acres claimed south of State Highway 152 during the 10 year period following 1943 were in subordination to appellants. At least we believe the record does not show as a matter of law that appellants' possession was not characterized with the necessary requisites to constitute an adverse claim. They lived on the property in a house constructed by Mrs. Hinds. An affidavit of George Young showed Clem Hinds told him in 1941 that he won a law suit and that the property where he lived was his and that he owned it; that thereafter he personally had dealings with him and rented a portion of the land he is now claiming from him to pasture some pigs, paying him rent therefor, and that the place Clem Hinds was claiming was the N.W.¼ of the S.W.¼ of Section 14, Block Y., M. & C. We do not have a sale or any other type interference of the rightful owner on the Killough land during the 10 year period from 1942 and 1943, such as we have on the Lanhom property and we believe there are circumstances raising a fact issue as to whether appellants made such use of the land during that period to which it was adapted.

"The issue of adverse possession is essentially a question of fact, which depends upon the intention of the limitation claimant in holding, using, occupying, and enjoying the disputed premises." Manning v. Standard Oil Co. of Kansas, Tex.Civ.App., 67 S.W.2d 919, 921.

■ Where there is any credible evidence giving support to the required legal elements of a claim of limitation the question is for the jury. Delany v. Padgett, 5 Cir., 193 F.2d 806.

■ The credibility of appellant's claiming limitation is for the fact finder. Peveto v. Herring, Tex.Civ.App., 198 S.W.2d 921.

■ Use by others in subordination to an adverse claimant does not affect the exclusiveness of appellant's possession. Id.

■ Where the original entry was permissive in order to set the Statute of Limitation in motion the claimant must either by actual or constructive notice show his repudiation of the owner's title. 2 T.J.2d, p. 83; Doherty v. Jensen, Tex.Civ.App., 174 S.W.2d 77. There is no evidence that the Hinds gave Killough actual notice but we believe the circumstances related do raise a fact issue as to whether constuctive notice was given.

Accordingly, the summary judgment granted Lanhom by the trial court is affirmed and the summary judgment granted Killough is reversed and remanded for a trial on the merits.

On Motion for Rehearing

Appellees, J. A. Killough et al., filed an able and insistent motion for rehearing in which they urge, in effect, the proposition that no inference of a fact issue on adverse possession by appellants Hinds against them was raised in the record.

They assert the pipe lines across the land show there was not the necessary exclusiveness in Hinds' possession. The Beaumont court has held that a canal and a pipe line across land not interfering with the use of such land does not affect the exclusiveness of an adverse claimant. Peveto v. Herring, Tex.Civ.App., 198 S.W.2d 921. There is not even an inference in this record that the pipe lines interfered with claimants' use and possession.

They also assert that the road house called the Wagonwheel placed on the land showed a joint user of the adverse claimant with the record owner that prevented the required exclusiveness. We believe Clem Hinds' deposition raises an inference, if it does not actually show conclusively, that Hinds claimed the Wagonwheel was placed on the land with his consent and used in subordination to his claim.

■ Killough et al. also continue to urge that the extent of Hinds' claim is indefinite and cannot be located upon the ground. We

respectfully call to their attention that the record shows the Hinds contended they were claiming adversely the N.W.¼ of the S.W.¼ of Section 14, Block Y. M. & C., Hutchinson County, Texas. We believe such a description was sufficient to locate their claim upon the ground. We are still of the opinion that a final disposition of Hinds' adverse claim against Killough et al. in this summary proceedings was error.

Motion for rehearing is overruled.