**TRINITY RIVER AUTHORITY et al., Appellants,**

**v.**

**Neal HUGHES et al., Appellees.**

**No. 7544.**

Court of Civil Appeals, Beaumont.

Jan. 10, 1974.

Rehearing Denied Jan. 31, 1974.

No. 1); "that Plaintiffs had and held peaceable and adverse possession of the property in controversy . . . using, cultivating or enjoying the same for any period of ten consecutive years or more prior to March 13, 1970" (S.I. No. 2). They failed to find that plaintiffs' predecessor in title at any time within the ten year period (S.I. No. 1) "acknowledged or recognized by words, acts or deeds that the predecessors in title of Defendant were the owners of the property in controversy" (S.I. No. 3).

Judgment was entered for plaintiffs for one hundred acres, more or less, as described by metes and bounds in their Second Amended Petition (filed on May 10, 1973, after the jury verdict which was filed November 8, 1972) from which judgment one of the defendants perfects this appeal.

Among defendants' points here presented are that the court erred in overruling its objections to S.I. Nos. 1 and 2 for the reason there was no evidence to identify any specific property claimed to have been in possession of plaintiffs or their ancestors.

■ We sustain these points. Six witnesses testified describing the tract possessed by plaintiffs and their ancestors in general terms, such as "the hundred acre tract", "this land", "the land", "that land", "that property", "the old place", "the old Hughes place where they live". There is absolutely no testimony identifying the occupied land as being that sued for or awarded in the judgment.

■ We take it as settled law in Texas that before any party or parties may recover property by adverse possession, they must allege the property possessed and identify by proof the property described. Coleman v. Waddell, 151 Tex. 337, 249 S. W.2d 912, 913 (1952):

> "Respondents failed to allege or prove any description of the garden claimed by

DeLange, Hudspeth, Pitman & Katz, Houston, for appellants.

W. R. Malone, Lloyd C. Martin, Huntsville, for appellees.

DIES, Chief Justice.

This is a trespass to try title suit. Trial was to a jury which found: "that Plaintiffs' ancestors under whom they claim, had and held peaceable and adverse possession of the property in controversy . . . using, cultivating or enjoying the same for any period of ten consecutive years or more prior to June 10, 1959" (S.I.

them. For that reason the trial court could not render judgment in their favor for it. They had the burden of identifying the tract, and since they failed to do so, the trial court properly rendered judgment in favor of the record owners for title to the entire tract." (citing authorities)

Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209, 211 (1903):

"But, at all events, the testimony did not identify the land any more clearly than did the pleas of the defendant. Two witnesses gave testimony for the defendant—one Jordan, and himself—and both speak of the land merely as 'the land in controversy.' But since the defendant disclaimed as to all the land except a part, and failed to describe that part in his answer, neither the court nor jury could know what was the land in controversy."

James v. Butler, 350 S.W.2d 376 (Tex. Civ.App., Beaumont, 1961, error ref., n. r. e.), at 379, "In view of the total lack of identity upon the ground of the tract sued for, the district court's judgement must be affirmed." (the judgment for the defendant)

Smith v. Griffin, 131 Tex. 509, 116 S. W.2d 1064, 1065 (1938), "[T]he evidence fails to identify with certainty the land that was the subject of the parol agreement."

* Note: thusly described: "located in San Jacinto County near Coldspring, Texas, and consists of one tract of approximately 108.90 acres being that same tract which is described in the Matthew Hubert Survey, Abstract 22, from Bob Hughes to W. L. Moody by deed dated May 8, 1905 recorded in Volume Y, Page 61. Also being the same land from W.

See the many cases cited under 2 Tex. Jur.2d, Adverse Possession, § 218, p. 362 (1959).

Here the jury only heard the description given in plaintiffs' original petition; however, what we have said still applies.*

We do not believe the cases cited by plaintiffs (appellees) alter or change the rules set forth above. They argue that the test of the sufficiency of the description is whether the judgment so identifies the land that an officer, charged with the duty of executing a writ of possession, can go on the ground and, with the assistance of a competent surveyor, locate the lines (as held in Gilbreath v. Yarbrough, 472 S.W. 2d 185 (Tex.Civ.App., Tyler, 1971, error ref., n. r. e.).

But this isn't the point in our case. Our situation is that no witness has said even remotely that the land occupied by plaintiffs or their predecessors is the same as described in any of the petitions or the judgment.

■ Ordinarily our holding would require a rendition for defendant (appellant); however, there is evidence that plaintiffs and their predecessors lived on some land for a long time, built homes, a store, a church on it, fenced it, farmed part of it, and grazed part of it. So, in the interests of justice we remand this cause for a new trial.

Reversed and remanded.

L. Moody, Jr. to the heirs of Mary Moody Hutchings, by deed of partition dated March 12, 1937 and recorded in Volume 35, Page 599. Also being that tract of land conveyed by Robert K. Hutchings, Jr., Trustee to the Trinity River Authority by judgment deed recorded in Volume 118, Page 115 of the Deed Records of San Jacinto County, Texas."