**W. M. THOMPSON, Appellant,**

**v.**

**TEXAS COMMERCE BANK NATIONAL ASSOCIATION et al., Appellees.**

**No. 17412.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 14, 1979.

Rehearing Denied July 12, 1979.

J. Robert Harris, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, Claude C. Roberts, Houston, for appellees.

EVANS, Justice.

This is an appeal from a take-nothing judgment entered in a trespass to try title action. The plaintiff's claim of title is based solely upon adverse possession under the ten year statute of limitation. Article 5510, Tex.Rev.Civ.Stat.Ann.

■ Because the trial court granted the defendants' motion for instructed verdict at the close of the plaintiff's case, it cannot be presumed that the trial court made a factual determination of the issues, and this court's review is limited to the question of whether the plaintiff offered any competent evidence in support of each element of his claim of title. *Olshan Lumber Company v. Bullard,* 395 S.W.2d 670 (Tex.Civ.App.—Houston 1965, no writ).

■ In a trespass to try title action based upon a claim of limitation, it is the plaintiff's burden to establish each of the required elements of peaceable and adverse possession, and where the plaintiff sues for a specific tract of land, he must prove the location of the described tract on the ground. *Coleman v. Waddell,* 151 Tex. 337, 249 S.W.2d 912, 913 (1952); *Louisiana & Tex. Lumber Co. v. Kennedy,* 103 Tex. 297, 126 S.W. 1110 (1910); *Musgrove v. Foster Lumber Co.,* 89 S.W.2d 287, 288 (Tex.Civ. App.—Beaumont 1935, writ dism'd). Thus, a threshold question in this case is whether the plaintiff made a prima facie showing of the ground location of the tract of land described in his petition.

The tract of land in controversy is described in the plaintiff's petition as follows:

"That certain tract of land in Harris County, Texas, out of the North ½ of Lot 3 of Plainview Subdivision of the NE ⅛ of Sec. 16, Block 4, W.C. Ry. Co. Survey, Abstract 1286, as shown on map or plat thereof recorded in Vol. 293 at page 293, Deed Records of Harris County, Texas;

BEGINNING at a point in fence line, the NE corner of tract of land referred to as tract No. 1, (being the South ½ of Lot No. 3 of Plainview Addition, W. I. Black Subdivision of the NE ⅓, Section 16, Block 4, W.C. Ry. Co. Survey Abstract 1286) in deed dated April 16, 1947, from Mrs. George C. Bidwell to W. M. Thompson, recorded in Volume 1594, Page 382 of the Deed Records of Harris County, Texas, said point being also in the West boundary line of Sharmon Road;

THENCE North with fence on the West boundary line of Sharman Road 150 feet more or less to corner fence post in the East line of said Lot No. 3 for the NE corner of this tract;

THENCE West along fence line 640 feet more or less to corner fence post, the NW corner of this tract;

THENCE South with fence line 150 feet, more or less to point in West line of Lot No. 3 and the NW corner of the South ½ of said Lot No. 3, and the SW corner of this tract;

THENCE East parallel with the North boundary line of Houston Lighting and Power tract 640 feet, more or less, to the place of beginning, containing 2 acres, more or less."

The plaintiff's petition specifically describes a 2 acre tract out of the north ½ of Lot 3 of the Plainview Subdivision. The trial court received in evidence certified copies of the recorded plat of the Plainview Subdivision and of a deed to the plaintiff covering the south ½ of Lot 3 in the subdivision. A drawing, shown below, was also received in evidence, not to establish the truth of the matters reflected thereon, but to serve as a basis for testimony to be offered.

NOT TO SCALE
FROM SURVEYOR'S PLAT

642.31'

171.40'

2.4248 Ac.  105,625 SF
ACQUIRED BY ADVERSE POSSESSION

DEAD END

287.30'

4.2769 Ac.
186,303 SF

150.00'

H. L. & P. CO. EASEMENT

NORTH

SHARMAN ROAD

301.00'

PROPOSED NORTH BELT CROSSING
RECORDED H.C.D.R.
VOL. 7583 PG. 458
4.7528 Ac.  207,031 SF

1480.27'

5.5516 Ac.
241.827 SF

138.95'

570.77'

RESIDENCE
10715 SHARMAN

359.23'

RESIDENCE
10707 SHARMAN

346.19'

285.41'

■ ˙ The plaintiff's proof tended to establish that the north line of the 2 acre tract was fenced and that the northeast corner of the tract was located at the dead end of Sharman Road. There was also testimony tending to show that fences were located along the east and west sides of the 2 acre tract. However, there was no evidence indicating the length of the fences along the east or west sides of the tract nor was there any evidence as to the location of a fence on the south side of the tract. Although there is some testimony from which the trier of fact could have inferred that the tract of land claimed by the plaintiff was contained within an enclosure, the evidence does not establish the physical location of each side of such enclosure on the ground. Thus, the plaintiff did not meet his burden of establishing by prima facie proof the ground location of the tract of land described in his petition.

In view of this court's determination that the plaintiff's proof was legally insufficient to establish the ground location of the tract described in his petition, it is unnecessary to consider the defendants' further contention that the plaintiff failed to make a prima facie showing that the State had parted with title to the land in suit at some time prior to the commencement of the limitation period. See *Houston Oil Company of Texas v. Gore,* 159 S.W. 924 (Tex.Civ.App.—Galveston 1913, writ ref'd).

The trial court's judgment is affirmed.

WALLACE and WARREN, JJ., also sitting.