

CHIEF JUSTICE
JAMES T. WORTHEN

CLERK
CATHY S. LUSK

# TWELFTH COURT OF APPEALS

JUSTICES
SAM GRIFFITH
DIANE DEVASTO

CHIEF STAFF ATTORNEY
MARGARET HUSSEY



Wednesday, November 02, 2005

Ms. Deborah J. Race
Ireland, Carroll & Kelley, P.C.
6101 S. Broadway
Suite 500
Tyler, TX 75703

Mr. Daniel F. Dean
Dean, Coe & Associates, PC
603 East Lacy
P.O. Box 1578
Palestine, TX 75802-1578

Mr. G. Roland Love
Winstead Sechrest & Minick PC
5400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Mr. Stephen Evans
P.O. Box 754
513 North Church
Palestine, TX 75801

Ms. Brenda K. Hicks
Hicks & Hicks
513 North Church Street
Palestine, TX 75801

Tammie Bailey
2212 Hwy. 87 North
Center, TX 75935

**RE:** Case Number:     12-03-00374-CV
Trial Court Case Number:   9216

**Style:** Billie Wiggins and Carl Hamilton
v.
Bruce Barrett, Mitchell Bailey, Elmo J. King, Letha King, David King, Warren King, Elkhart State Bank, Kay Pennington and Neches Hills Property Owners Association

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause. Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: *Katrina McClenny*
Katrina McClenny, Chief Deputy Clerk

CC:      Hon. Deborah Oakes Evans
Hon. John Ovard
Ms. Janice Staples

1517 WEST FRONT STREET • SUITE 354 • TYLER, TX 75702 • TEL: 903-593-8471 • FAX: 903-593-2193
*Serving Anderson, Angelina, Cherokee, Gregg, Henderson, Houston, Nacogdoches, Rains, Rusk, Sabine, San Augustine, Shelby, Smith, Trinity, Upshur, Van Zandt and Wood Counties*
www.12thcoa.courts.state.tx.us

# NO. 12-03-00374-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BILLIE WIGGINS AND* | § | *APPEAL FROM THE 87TH* |
| *CARL HAMILTON,* | | |
| *APPELLANTS* | | |
| | | |
| *V.* | | |
| *BRUCE BARRETT, MITCHELL BAILEY,* | § | *JUDICIAL DISTRICT COURT OF* |
| *ELMO J. KING, LETHA KING, DAVID KING,* | | |
| *WARREN KING, ELKHART STATE BANK,* | | |
| *KAY PENNINGTON, AND NECHES HILLS* | | |
| *PROPERTY OWNERS ASSOCIATION,* | | |
| *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an appeal of a summary judgment rendered in a trespass to try title case. Appellants Billie Wiggins and Carl Hamilton complain in two issues that the trial court erred in granting summary judgment for Bruce Barrett, Mitchell Bailey, Elmo J. King, Letha King, David King, Warren King, Elkhart State Bank, Kay Pennington, and Neches Hills Property Owners Association, Appellees. We reverse and remand.

### BACKGROUND

Appellants sued Appellees for trespass to try title and for a declaratory judgment that certain deeds into Appellees are void and that Appellants are the owners of the 31.374 acre tract in dispute. Appellants also sought actual and exemplary damages and attorney's fees. Various Appellees filed motions for traditional and no-evidence summary judgments, and Appellants filed a traditional

motion for partial summary judgment. *See* TEX. R. CIV. P. 166a(a), (i). The trial court denied Appellants' motion for summary judgment and granted Appellees' motions. All Appellees were named as parties to the final summary judgment.

Appellants claim an undivided interest in the subject tract through their grandfather, Richard Crawford, whose fifty acre homeplace, Appellants assert, included within its fences all of the 31.374 acre tract in controversy. In their petition, they claimed title to the property (1) by record title, (2) by adverse possession under the ten and twenty-five year statutes, and (3) under the doctrine of prior possession.

Appellee Bruce Barrett filed a no-evidence summary judgment motion contending there was no evidence of any of the elements of proof required under the three, five, ten, and twenty-five year statutes.

Appellees Elmo J. King, Letha King, and Elkhart State Bank filed a no-evidence summary judgment motion maintaining that Appellants could produce no evidence of record title. They also claimed in their no-evidence motion that Appellants had no evidence sufficient to describe the property adversely possessed nor any probative evidence to establish any of the listed requisite elements of the ten or twenty-five year statues. Their no-evidence motion included a traditional summary judgment motion seeking to establish that Appellants could not recover under the doctrine of prior possession because the movants held record title to the property. In support of their traditional motion, the movants attached a series of deeds beginning with a 1972 conveyance from James Wren to Bascom Bentley.

Appellee Cynthia Bailey, Independent Executrix of the Estate of Mitchell Bailey, deceased, subsequently joined both motions.

In their response to the motions for summary judgment, Appellants presented no evidence of record title, but offered affidavits to support their claims of limitations and prior possession.


**STANDARD OF REVIEW**

Summary judgment decisions are reviewed by appellate courts de novo. *Lavaca Bay Autoworld, L.L.C. v. Marshall Pontiac Buick Oldsmobile*, 103 S.W.3d 650, 653 (Tex. App.–Corpus Christi 2003, no pet.). "When both sides move for summary judgment and the trial court grants one

motion but denies the other, the reviewing court should review both sides' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered." *Id.* (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)). Traditional motions for summary judgment and no-evidence motions for summary judgment invoke different standards of review. *Lavaca*, 103 S.W.3d at 653. For traditional motions for summary judgment, the key question is "whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the . . . cause of action." *Id.* (quoting *Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970)). For no-evidence motions for summary judgment, the legal sufficiency standard applied to pretrial directed verdicts is appropriate. "If the nonmovant produces evidence to raise a genuine issue of material fact, summary judgment is improper." *Lavaca*, 103 S.W.3d at 653.

None of the appellees filed a traditional motion for summary judgment seeking to negate as a matter of law one or more elements of Appellants' claim of adverse possession under the ten or twenty-five year statute of limitations. Therefore, if Appellants produced evidence amounting to more than a scintilla on each of the requisite elements to recovery under either statute, the trial court erred in granting summary judgment.

**Applicable Law**

"A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by one who cultivates, uses, or enjoys the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.026(a) (Vernon 2002). The twenty-five year statute provides that "[a] person, regardless of whether the person is or has been under a legal disability, must bring suit not later than 25 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." *Id.* § 16.027. "Adverse possession" means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and hostile to the claim of another person. *Id.* § 16.021(1). Peaceable possession is defined as possession "that is continuous and is not interrupted by an adverse suit to recover the property." *Id.* § 16.021(3). Possession must not only be actual, but also visible, continuous, notorious, distinct, hostile (i.e., adverse), and of such a character as to indicate unmistakably an assertion of a claim of exclusive

3

ownership in the occupant. *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990).

**Evidence**

The affidavit of James M. Crawford recited that he was born three miles from his Uncle Richard Crawford's homeplace in 1922. When he went to school, he walked or rode a horse across the Wren property near his uncle's home. James Crawford stated that from the time he was three or four years old until he joined the Soil Conservation Corps in 1939, Richard Crawford lived on his homeplace, farmed on his homeplace, and raised his family there. James Crawford returned to Palestine in 1946 from military service. After that time, his Uncle Richard Crawford continuously resided on his homeplace until his death. James Crawford stated that the affidavit of James Wren correctly described the Richard Crawford. From his earliest recollection, he knew that Richard Crawford lived on and farmed the homeplace growing cotton, corn, peas, and other vegetables. Richard Crawford, he stated, planted fruit trees there. He also stated that, after Richard Crawford's death, his descendants continued to live on the property.

James Wren stated in his 1978 affidavit that Richard Crawford purchased a fifty acre tract adjoining the McCleod survey in 1917 and lived there until his death in 1949. He further stated that neither he nor his family had ever asserted a claim to the Richard Crawford tract.

Plaintiff Billie Wiggins recited in her affidavit that she was born in 1943 on the homeplace of Richard Crawford, her great-grandfather, and that, except for six months, she had lived there all of her life and still lived there. She said the fifty acre tract was fenced on all four sides and, since she had lived there for most of her life, she was very familiar with its boundaries. She said Richard Crawford and his heirs farmed and planted fruit and nut trees on the land in dispute and harvested the fruit from the trees continuously for more than twenty-five years and until this dispute arose in 1993. She recited that she has paid taxes on the fifty acres known as the Richard Crawford Place and said that the tax statements sometimes called it a part of the Payne Survey and other times described it as part of the Payne and McCleod Surveys. She further stated that the 31.374 acres in dispute are located within the Richard Crawford home place.

There is more than a scintilla of evidence that from 1917 until 1950 there was a fifty acre farm known as the Richard Crawford Place; that from the time of James Crawford's earliest recollection (no later than 1930) until Richard Crawford's death in 1949 or 1950, Richard Crawford lived

4

continuously on the property, planted fruit and nut trees on it, and farmed it in cotton, corn, and vegetables; and that during that time the fifty acre tract was enclosed by a boundary fence. The affidavits of James Wren and James Crawford show that the fifty acre tract was known in the neighborhood as the Richard Crawford Place and that Richard Crawford was regarded as its owner. The summary judgment proof also shows that since Richard Crawford's death, his heirs have continued to occupy and farm the place and that Appellants are among his heirs. In her affidavit, Billie Wiggins states that, except for six months, she has lived on the farm all her life, that she is familiar with its boundaries, and that the disputed 31.374 acre tract described by metes and bounds lies entirely within the fifty acre tract adversely possessed by Richard Crawford and his heirs.

There is, however, no metes and bounds description of the Richard Crawford fifty acre tract, although the disputed 31.374 acre tract claimed to lie within it is described by metes and bounds. James Wren, in his 1978 affidavit, describes the tract as fifty acres lying adjacent to certain other tracts, a description defendants assail as too vague to permit a surveyor to accurately locate it on the ground.

A plaintiff in a trespass to try title suit must describe the premises claimed "by metes and bounds, or with sufficient certainty to identify the same." TEX. R. CIV. P. 783(b). When a plaintiff sues for a specific tract, the burden is on the plaintiff to prove the location of the adversely possessed tract on the ground. *Coleman v. Waddell*, 151 Tex. 337, 340, 249 S.W.2d 912, 913 (Tex. 1952); *Thompson v. Texas Commerce Nat'l Bank Ass'n*, 586 S.W.2d 138, 139 (Tex. Civ. App.–Houston [1st Dist.] 1979, writ ref'd n.r.e.).

In *Coleman*, the court addressed the converse of the description problem presented here; there, the adverse possession claimant failed to describe a smaller tract inside a sufficiently described larger one. The Waddells claimed a described one hundred acre tract, their claim resting upon their enclosure and continuous use of an approximately two acre garden plot for a period sufficient to satisfy the ten year statute. Their claim failed as to the area outside of the garden, because the evidence showed that during the limitation period the record owners, through their vendee Kirby Lumber Company, had cut and removed the commercial timber from the property outside of the garden. The court also rejected their claim to the enclosed two acre garden, because the Waddells failed to allege or prove an adequate legal description of the smaller tract. *"For that reason the trial*

5

*court could not render judgment in their favor for it.*" ***Coleman***, 249 S.W.2d at 913 (emphasis added).

In ***Thompson***, the plaintiff claimed adverse possession by enclosure of a specifically described two acre tract. The court rejected the plaintiff's claim because his proof did not "establish the physical location of each side of the enclosure on the ground." Thus, the plaintiff did not meet his burden of establishing by prima facie proof the ground location of the property described in the petition." ***Thompson***, 586 S.W.2d at 141.

Appellees argue that to avoid no-evidence summary judgment, Appellants' summary judgment proof must legally describe the 31.374 acres in dispute claimed to be adversely possessed as well as the adversely possessed fifty acre tract that encompasses it, although a considerable part of the larger tract is not in dispute.

Appellants contend that Rule 783 and the case law require that their pleading and proof include a specific legal description for only that part of the adversely possessed tract that is *in dispute*.

The rationale underlying the requirement that the petitioner in trespass to try title describe the premises *claimed* "by metes and bounds, or with sufficient certainty to identify the same" is that, absent such a description, the trial court cannot render a judgment that will effectively deliver possession of the premises in controversy. ***Coleman***, 249 S.W.2d at 913; *see* TEX. R. CIV. P. 783(b). This r ationale does not support Appellees' argument. We conclude that to avoid no-evidence summary judgment, Appellants' proof need only legally describe the 31.374 acres in controversy, but not the adversely possessed larger tract embracing it.

### CONCLUSION

We conclude that Appellants presented summary judgment proof amounting to more than a scintilla supporting each element of their adverse possession claim to the property in controversy. The trial court's judgment is ***reversed***, and the cause is ***remanded*** for further proceedings.

<u>BILL BASS</u>
Justice

Opinion delivered November 2, 2005.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(PUBLISH)

6



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

### NOVEMBER 2, 2005

### NO. 12-03-00374-CV

**BILLIE WIGGINS AND CARL HAMILTON,**

Appellants

V.

**BRUCE BARRETT, MITCHELL BAILEY, ELMO J. KING,
LETHA KING, DAVID KING, WARREN KING, ELKHART STATE BANK,
KAY PENNINGTON, AND NECHES HILLS PROPERTY OWNERS ASSOCIATION,**

Appellees

---

Appeal from the 87th Judicial District Court
of Anderson County, Texas. (Tr.Ct.No. 9216)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this court that there was error in the judgment as entered by the trial court and that the same should be **reversed** and the cause **remanded** to the court below for **further proceedings**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **reversed** and the cause **remanded for further proceedings** in accordance with the opinion of this court; and that all costs of this appeal be, and the same are, adjudged against the Appellees, **BRUCE BARRETT, MITCHELL BAILEY, ELMO J. KING, LETHA KING, DAVID KING, WARREN KING, ELKHART STATE BANK, KAY PENNINGTON, AND NECHES HILLS PROPERTY OWNERS ASSOCIATION**, for which let execution issue; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals Tyler, sitting by assignment.*